MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*



JUDGE ENGELMAYER

14 CV 1372

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
EDUARDO OLVERA, DELFINO OLVERA,
PRISCO SORIANO, FERNANDO PERALTA
AND MODESTO PERALTA, *individually and
on behalf of others similarly situated,*

                                        *Plaintiffs,*


                    -against-


BAREBURGER GROUP LLC,
BAREBURGER INC., EAST 87 BURGERS
LLC (d/b/a 1681 FIRST AVENUE
BAREBURGER), EAST SIDE BURGERS
LLC (d/b/a  1370 FIRST AVENUE
BAREBURGER), BAREBURGER EAST
SIDE LLC (d/b/a BAREBURGER), BB ONE
LLC (d/b/a THIRD AVENUE
BAREBURGER). EURIPIDES PELEKANOS,
GEORGIOS RODAS, JOSEPH BUSUTTIL,
PANTELIS TZANIDAKIS, PETROS
TZANIDAKIS, GEORGIOS TZANIDAKIS,
JOHN KAPSALIS, NICK
MAROLACHAKIS, NIKOLAOS GALANIS,
VLASY VOINOVICH. and DIMITRIOS
KOSMIDIS,

                                        *Defendants.*
----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**


**ECF Case**

        Plaintiffs Eduardo Olvera, Delfino Olvera, Prisco Soriano, Fernando Peralta and Modesto

Peralta, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and

through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief,

and as against Bareburger Group LLC, Bareburger Inc., East 87 Burgers LLC (d/b/a 1681 First

Avenue Bareburger), East Side Burgers LLC (d/b/a 1370 First Avenue Bareburger), Bareburger

East Side LLC (d/b/a Bareburger), BB One LLC (d/b/a Third Avenue Bareburger), Euripides

Pelekanos, Georgios Rodas, Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios

Tzanidakis, John Kapsalis, Nick Marolachakis, Nikolaos Galanis, Vlasy Voinovich, and

Dimitrios Kosmidis (collectively, "Defendants") allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are present and former employees of Defendants Bareburger Group

LLC, Bareburger Inc., East 87 Burgers LLC (d/b/a 1681 First Avenue Bareburger), East Side

Burgers LLC (d/b/a 1370 First Avenue Bareburger), Bareburger East Side LLC (d/b/a

Bareburger), BB One LLC (d/b/a Third Avenue Bareburger), Euripides Pelekanos, Georgios

Rodas, Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis, John

Kapsalis, Nick Marolachakis, Nikolaos Galanis, Vlasy Voinovich, and Dimitrios Kosmidis.

2.      Defendants own, operate or control a chain of organic fast food restaurants, three

of which are located at 1681 First Avenue, New York, NY 10028 (87th Street  Location), 1370

First Avenue, New York NY 10021 (73rd Street location) and 514 Third Avenue, New York,

New York 10016 (Third Avenue location) operating under the trade name "Bare Burger".

3.      Upon information and belief, Individual Defendants Euripides Pelekanos,

Georgios Rodas, Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis,

John Kapsalis, Nick Marolachakis, Nikolaos Galanis, Vlasy Voinovich, and Dimitrios Kosmidis

serve or served as owners, managers, principals or agents of Defendants Bareburger Group LLC,

Bareburger Inc., East 87 Burgers LLC, East Side Burgers LLC, Bareburger East Side LLC, BB

One LLC (collectively, "Defendant Corporations"), and through these corporate entities operate or operated the restaurants as a joint or unified enterprise.

4.    Plaintiffs are former employees of Defendants.  They were employed as porters, dishwashers, food preparers, delivery workers and cooks, but the delivery worker was required to clean the basement, twist cardboard boxes, tie them up and take them out, take out the garbage, wash dishes, prepare food, receive deliveries, carry them downstairs and stock them around the basement and sweep and mop the restaurant  (hereinafter, "non-tipped non-delivery duties").

5.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

7.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work without providing the minimum wage, overtime, and spread of hours compensation required by federal and state law and regulations.

9.    Defendants employed and accounted for one Plaintiff as delivery worker but in actuality his duties required greater or equal time spent performing the non-tipped non-delivery functions described above.

10.     Regardless, at all times Defendants paid Plaintiff below the tip-credit rate. Furthermore, under state law Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146).

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff's actual duties in payroll records to avoid paying him at the minimum wage rate and to enable them to pay him below the lower tip-credited rate by designating him as a delivery worker instead of a non-tipped employee.

12.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work without providing the minimum wage compensation required by federal and state law and regulations.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district. The Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

17.     Plaintiff Eduardo Olvera ("Plaintiff Eduardo" or "Mr. Eduardo") is an adult individual residing in New York County, New York.

18.     Plaintiff Eduardo was employed by the Defendants from approximately February 2012 until on or about January 2014. Throughout his employment with defendants, Plaintiff Eduardo was stationed at the 73rd Street location.

19.     Plaintiff Delfino Olvera ("Plaintiff Delfino" or "Mr. Delfino") is an adult individual residing in New York County, New York.

20.     Plaintiff Delfino was employed by the Defendants from approximately May 2013 to January 28, 2014. Throughout his employment with defendants, Plaintiff Delfino was stationed at the 87th Street location.

21.     Plaintiff Prisco Soriano ("Plaintiff Soriano" or "Mr. Soriano") is an adult individual residing in New York County, New York.

22.     Plaintiff Soriano was employed by the Defendants from approximately January 2011 until on or about April 2011. Plaintiff Soriano was stationed at the Third Avenue location for most of the time he worked for defendants, and at the 73rd Street location for a period of 4 days.

23.     Plaintiff Fernando Peralta ("Plaintiff Fernando" or "Mr. Fernando") is an adult individual residing in New York County, New York.

24.     Plaintiff Fernando was employed by the Defendants from approximately September 2013 until on or about February 2014. Throughout his employment with defendants, Plaintiff Fernando was stationed at the 87TH street location.

25.     Plaintiff Modesto Peralta ("Plaintiff Modesto" or "Mr. Modesto") is an adult individual residing in New York County, New York.

26.     Plaintiff Modesto was employed by the Defendants from approximately August 2013 until February 2014. Throughout his employment with defendants, Plaintiff Modesto was stationed at the 87th Street location.

*Defendants*

27.     Defendants own, operate, or control a chain of organic fast food restaurants, three of which are located at 1681 First Ave, New York, NY 10028, 1370 First Avenue, New York NY 10021 and 514 Third Avenue, New York, New York 10016 and operating under the trade name "Bareburger".

28.     Upon information and belief, Bareburger Group LLC is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief,

- 6 -

Defendant Bareburger Group LLC maintains its corporate headquarters at 31-29 Vernon Boulevard, Queens, New York 11106.

29.     Upon information and belief, Bareburger Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant Bareburger Inc., maintains its corporate headquarters at 31-29 Vernon Boulevard, Queens, New York 11106.

30.     Upon information and belief, East 87 Burgers LLC (d/b/a Bareburger) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, Defendant East 87 burgers LLC maintains its place of business at 1681 First Avenue, New York, New York 10028 and its corporate headquarters at 12-52 Clintonville Street, Whitestone, New York, 11357.

31.     Upon information and belief, East Side Burgers LLC (d/b/a Bareburger) is a domestic corporation organized and existing under the laws of the State of New York.  Upon information and belief, Defendant East Side Burgers LLC., maintains its place of business at 1370 First Avenue, New York NY 10021, and its corporate headquarters at 12-52 Clintonville Street, Whitestone, New York, 11357.

32.     Upon information and belief, Bareburger East Side LLC (d/b/a Bareburger) is a domestic corporation organized and existing under the laws of the State of New York.  Upon information and belief, Defendant Bareburger East Side LLC., maintains its place of business at 1370 First Avenue, New York NY 10021, and its corporate headquarters at 12-52 Clintonville Street, Whitestone, New York, 11357.

33.     Upon information and belief, BB One LLC (d/b/a Bareburger) is a domestic corporation organized and existing under the laws of the State of New York.  Upon information

and belief, Defendant BB One LLC, maintains its place of business at 514 Third Avenue, New York NY 10021, and its corporate headquarters at 319 Oak Street, Uniondale, New York, 11553.

34.    Defendant Euripides Pelekanos is an individual engaging in business in this judicial district during the relevant time period.  Defendant Euripides Pelekanos is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations.  He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

35.    Defendant Georgios Rodas is an individual engaging in business in this judicial district during the relevant time period.  Defendant Georgios Rodas is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations.  He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

36.    Defendant Joseph Busuttil is an individual engaging in business in this judicial district during the relevant time period.  Defendant Joseph Busuttil is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations.  He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.  He determined the

wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

37.    Defendant Pantelis Tzanidakis is an individual engaging in business in this judicial district during the relevant time period.  Defendant Pantelis Tzanidakis is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations.  He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

38.    Defendant Petros Tzanidakis is an individual engaging in business in this judicial district during the relevant time period.  Defendant Petros Tzanidakis is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations.  He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

39.    Defendant Georgios Tzanidakis is an individual engaging in business in this judicial district during the relevant time period.  Defendant Georgios Tzanidakis is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations.  He possesses or possessed operational control over Defendant Corporations, an ownership interest in

- 9 -

Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

40.    Defendant John Kapsalis is an individual engaging in business in this judicial district during the relevant time period. Defendant John Kapsalis is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

41.    Defendant Nick Marolachakis is an individual engaging in business in this judicial district during the relevant time period. Defendant Nick Marolachakis is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

42.    Defendant Nikolaos Galanis is an individual engaging in business in this judicial district during the relevant time period. Defendant Nikolaos Galanis is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. He possesses or

possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

43. Defendant Vlasy Voinovich is an individual engaging in business in this judicial district during the relevant time period. Defendant Vlasy Voinovich is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

44. Defendant Dimitrios Kosmidis is an individual engaging in business in this judicial district during the relevant time period. Defendant Dimitrios Kosmidis is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. He possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

# FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

45.     Defendants own, operate, or control a chain of organic fast food restaurants three of which are located at various locations around Manhattan.

46.     Individual Defendants Euripedes Pelekanos, Georgios Rodas, Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis, John Kapsalis, Nick Marolachakis, Nikolaos Galanis, Vlasy Voinovich, and Dimitrios Kosmidis possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

47.     Defendants possess or possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

48.     Defendants employ or employed Plaintiffs, and all similarly situated individuals, and are or were Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

49.     Upon information and belief, Individual Defendants Euripides Pelekanos, Georgios Rodas, Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis, John Kapsalis, Nick Marolachakis, Nikolaos Galanis, Vlasy Voinovich, and Dimitrios Kosmidis operate Defendant Corporations as either alter egos of themselves, and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves by, among other things,

a.  failing to adhere to the corporate formalities necessary to operate Defendant
    Corporations as corporations,

b.  defectively forming or maintaining Defendant Corporations by, amongst other
    things, failing to hold annual meetings or maintaining appropriate corporate
    records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporations for their own benefit as the sole or majority
    shareholders,

e.  operating Defendant Corporations for their own benefit and maintaining control
    over these corporations as  closed corporations,

f.  intermingling assets and debts of their own with Defendant Corporations and
    diminishing and/or transferring assets to avoid full liability as necessary to protect
    their own interests, and

g.  Other actions evincing a failure to adhere to the corporate form.

50.     At all relevant times, Defendants were Plaintiffs' employer within the meaning of
the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs,
controlled the terms and conditions of employment, and determined the rate and method of any
compensation in exchange for Plaintiffs' services.

51.     In each year from 2011 to the present, Defendants, both separately and jointly,
had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the
retail level that are separately stated).

52.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.  As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

### *Individual Plaintiffs*

53.     The Plaintiffs are former employees of the Defendants who were employed as delivery workers, cooks and cooks helpers.  However, the delivery worker was also required to perform the non-delivery non-tip duties described above.

54.     They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *Plaintiff Eduardo Olvera*

55.     Plaintiff Eduardo was employed by the Defendants from approximately February 2012 until January 28, 2014.

56.     Defendants employed Plaintiff Eduardo as a dishwasher for approximately six months and as a porter for the rest of the time he worked for them.

57.     Plaintiff Eduardo regularly handled goods in interstate commerce, such as cleaning fluids and other supplies produced outside the State of New York.

58.     Plaintiff Eduardo's work duties require neither discretion nor independent judgment.

59.     Throughout his employment with Defendants, Plaintiff Eduardo regularly worked in excess of 40 hours per week.

60.     From approximately February 2012 until August 2012, Plaintiff Eduardo worked from approximately 10:00 a.m. until on or about 9:00 p.m. two days a week, from approximately

- 14 -

10:00 a.m. until on or about 11:00 p.m. three days a week and from approximately 10:00 a.m. until on or about 1:00 a.m. on Thursdays (typically 75 hours per week).

61.     From approximately August 2012 until on or about January 28, 2014, Plaintiff Eduardo worked from 11:00 P.M. until 7:30 A.M. seven days a week (typically 59.5 hours per week).

62.     Throughout his employment with defendants, Plaintiff Eduardo was stationed at the 73rd Street location.

63.     Throughout his employment with the Defendants, Plaintiff Eduardo was paid his wages in cash.

64.     Throughout his employment with defendants, Plaintiff Eduardo was paid a fixed salary of $400 per week.

65.     Plaintiff Eduardo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

66.     Plaintiff Eduardo was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

67.     Defendants did not provide Plaintiff Eduardo with a statement of wages with each payment of wages, as required by NYLL 195(3).

68.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Eduardo regarding overtime and wages under the FLSA and NYLL.

69.     Defendants did not give Plaintiff Eduardo any notice, in English and in Spanish (Plaintiff Eduardo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Delfino Olvera*

70.     Plaintiff Delfino was employed by the Defendants from approximately May 2013 until January 28, 2014.

71.     Defendants employed Plaintiff Delfino as a porter for approximately one month prior to opening the 87th Street location and as a porter for the rest of the time he worked for them.

72.     Plaintiff Delfino regularly handled goods in interstate commerce, such as cleaning fluids and other supplies produced outside the State of New York.

73.     Plaintiff Delfino's work duties require neither discretion nor independent judgment.

74.     Throughout his employment with Defendants, Plaintiff Delfino regularly worked in excess of 40 hours per week.

75.     From approximately May 2013 until June 2013, Plaintiff Delfino worked from approximately 10:00 a.m. until on or about 6:00 p.m. seven days a week (typically 56 hours per week).

76.     From approximately June 2013 until on or about January 28, 2014, Plaintiff Delfino worked from 10:00 P.M. until 5:00 A.M. seven days a week (typically 49 hours per week).

77.     Throughout his employment with defendants, Plaintiff Delfino was stationed at the 87th Street location.

78.     Throughout his employment with the Defendants, Plaintiff Delfino was paid his wages in cash.

- 16 -

79.     From approximately May 2013 until on or about June 2013, Plaintiff Delfino was paid a fixed salary of $200 per week.

80.     From approximately June 2013 until January 28, 2014, Plaintiff Delfino was paid a fixed salary of $400 per week.

81.     Plaintiff Delfino's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

82.     Defendants did not grant Plaintiff Delfino any breaks or meal periods of any kind.

83.     Plaintiff Delfino was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

84.     Defendants did not provide Plaintiff Delfino with a statement of wages with each payment of wages, as required by NYLL 195(3).

85.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Delfino regarding overtime and wages under the FLSA and NYLL.

86.     Defendants did not give Plaintiff Delfino any notice, in English and in Spanish (Plaintiff Delfino's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Prisco Soriano*

87.     Plaintiff Soriano was employed by the Defendants from approximately January 2011 until on or about April 2011.

88.     Defendants ostensibly employed Plaintiff Soriano as a delivery worker. However, Plaintiff Soriano was also required to perform the non-delivery non-tip duties described above.

- 17 -

89.    Although Plaintiff Soriano was ostensibly employed as a delivery worker, he spent more than three hours per day performing non-delivery work.

90.    Plaintiff Soriano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

91.    Plaintiff Soriano's work duties required neither discretion nor independent judgment.

92.    Throughout his employment with Defendants, Plaintiff Soriano regularly worked in excess of 40 hours per week.

93.    From approximately January 2011 until on or about April 2011, Plaintiff Soriano worked from approximately 11:00 a.m. until on or about 10:00 p.m. Tuesdays through Sundays (Typically 66 hours per week).

94.    Throughout his employment with defendants, Plaintiff Soriano was paid his weekly wages in cash.

95.    Plaintiff Soriano was paid a fixed salary of $280 per week throughout his employment with defendants.

96.    Plaintiff Soriano's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

97.    Defendants did not provide Mr. Soriano with break periods of any kind during his work hours.

98.    Plaintiff Soriano was never notified by the Defendants that his tips would be included as an offset for wages.

99.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Soriano's wages.

100.    Plaintiff Soriano was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

101.    Defendants did not provide Plaintiff Soriano with a statement of wages with each payment of wages, as required by NYLL 195(3).

102.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Soriano regarding overtime and wages under the FLSA and NYLL.

103.    Defendants did not give any notice to Plaintiff Soriano, in English and in Spanish (Plaintiff Soriano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Fernando Peralta*

104.    Plaintiff Fernando was employed by the Defendants from approximately September 2013 until February 3, 2014.

105.    Defendants employed Plaintiff Fernando as a dishwasher throughout the time he worked for them.

106.    Plaintiff Fernando regularly handled goods in interstate commerce, such as cleaning fluids and other supplies produced outside the State of New York.

107.    Plaintiff Fernando's work duties require neither discretion nor independent judgment.

108.    Throughout his employment with Defendants, Plaintiff Fernando regularly worked in excess of 40 hours per week.

109.    From approximately September 2013 until February 2014, Plaintiff Fernando worked from approximately 10:00 a.m. until on or about 5:00 p.m. Tuesdays, Wednesdays and

- 19 -

Thursdays and from approximately 10:00 a.m. until on or about 11:00 p.m. Fridays, Saturdays and Sundays (typically 60 hours per week).

110.    However, for a period of one week, defendants required Plaintiff Fernando to work from 10:00 a.m. until 11:00 p.m. six days a week to cover for another dishwasher and a porter who had gotten fired (typically 78 hours per week).

111.    Throughout his employment with defendants, Plaintiff Fernando was stationed at the 87th Street location.

112.    Throughout his employment with the Defendants, Plaintiff Fernando was paid his wages in cash.

113.    Throughout his employment with defendants, Plaintiff Fernando was paid a fixed salary of $400 per week.

114.    Plaintiff Fernando's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

115.    Defendants did not provide Mr. Fernando with break periods of any kind when he worked from 10:00 a.m. to 5:00 p.m. and only provided him a 10 to 15 minute meal break when he worked from 10:00 a.m. until 11:00 p.m.

116.    Plaintiff Fernando was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

117.    Defendants did not provide Plaintiff Fernando with a statement of wages with each payment of wages, as required by NYLL 195(3).

118.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Fernando regarding overtime and wages under the FLSA and NYLL.

- 20 -

119.    Defendants did not give Plaintiff Fernando any notice, in English and in Spanish (Plaintiff Fernando's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

### *Plaintiff Modesto Peralta*

120.    Plaintiff Modesto was employed by the Defendants from approximately August 2013 until February 3, 2014.

121.    Defendants employed Plaintiff Modesto as a food preparer and as a cook for the entire time he worked for them.

122.    Plaintiff Modesto regularly handled goods in interstate commerce, such as olive oil and other supplies produced outside the State of New York.

123.    Plaintiff Modesto's work duties require neither discretion nor independent judgment.

124.    Throughout his employment with Defendants, Plaintiff Modesto regularly worked in excess of 40 hours per week.

125.    From approximately August 2013 until February 2014, Plaintiff Modesto worked from approximately 3:00 p.m. until 11:00 p.m. Mondays and Wednesdays, from approximately 10:00 a.m. until on or about 10:30 p.m. Tuesdays, Wednesdays and Sundays and from approximately 10:00 a.m. until on or about 5:00 p.m. on Fridays (typically 61.5 hours per week).

126.    However on numerous occasions, Plaintiff Modesto had to work from 10:00 a.m. to 11:00 p.m. on Fridays and Saturdays (typically 80 hours per week).

127.    Throughout his employment with defendants, Plaintiff Modesto was stationed at the 87th Street location.

128.    Throughout his employment with the Defendants, Plaintiff Modesto was paid his wages in cash.

129.    Throughout his employment with defendants, Plaintiff Modesto was paid $12 per hour.

130.    Defendants did not provide Mr. Modesto with break periods of any kind when he worked from 3:00 p.m. to 11:00 p.m. and only provided him a 30 minute meal break when he worked from 10:00 a.m. until 10:30 p.m.

131.    Defendants did not provide Plaintiff Modesto with a statement of wages with each payment of wages, as required by NYLL 195(3).

132.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Modesto regarding overtime and wages under the FLSA and NYLL.

133.    Defendants did not give Plaintiff Modesto any notice, in English and in Spanish (Plaintiff Modesto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

134.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring the Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

135.    Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

- 22 -

136.   Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former employees.

137.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, or spread of hours compensation, as required by federal and state laws.

138.   Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

139.   Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

140.   Defendants required Plaintiff Soriano to perform the jobs of multiple employees in addition to his primary responsibilities as a delivery worker.  These responsibilities included everything from cleaning the basement, twisting cardboard boxes, tying them up and taking them out, taking out the garbage, sweeping and mopping, cleaning the windows, taking out tables and chairs to the sidewalk all year round, sweeping and cleaning the front of the restaurant (sidewalk), cleaning the bathrooms, receiving deliveries, carrying them downstairs and stocking them around the basement and bringing-in tables and chairs at the end of the shift.

141.   Plaintiff Soriano was employed ostensibly as a tipped employee by Defendants, although his actual duties included greater or equal time spent in the non-tipped functions described above.

142.   Plaintiff Soriano was paid at the lowered tip-credited rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-

tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

143.   New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

144.   Plaintiff Soriano's duties were not incidental to his occupation as delivery worker, but instead constituted entirely unrelated occupations with duties including the non-tip duties described above.

145.   At no time did Defendants inform Plaintiff Soriano that they had reduced his hourly wage by a tip allowance.

146.   In violation of federal and state law as codified above, Defendants classified Plaintiff Soriano as a tipped employee and paid him at the tip-credited rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

147.   Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

148.   Defendants failed to post required wage and hour posters in the restaurants, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' lack of sophistication in wage and hour laws.

149.   All Plaintiffs were paid their wages entirely in cash.

150.    Upon information and belief, Defendants practices were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

151.    Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

152.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

153.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

- 25 -

## FLSA COLLECTIVE ACTION CLAIMS

156.   Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the Complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

157.   At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the proper wage rate and willfully failing to keep records required by the FLSA.

158.   The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

159.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

160.   At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

161.   At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

162.   Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

163.   Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

164.   Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

165.   Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

166.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

167.   Defendants, in violation of the FLSA, failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

168.   Defendants' failure to pay Plaintiffs and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

169.   Plaintiffs and the FLSA class members have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

170.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

171.   At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

172.    Defendants, in violation of the NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

173.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

174.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW)

175.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

176.    Defendants, in violation of the NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

177.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

178.    Plaintiffs been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

179.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

180.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten

- 28 -

hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

181.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day

Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

182.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

183.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

184.    Defendants failed to provide Plaintiffs with a written notice, in English and in

Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other

information as required by NYLL §195(1).

185.    Defendants are liable to each Plaintiff in the amount of $2,500, together with

costs and attorneys fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

186.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

187.    Defendants did not provide Plaintiffs with wage statements upon each payment of

wages, as required by NYLL 195(3).

188.    Defendants are liable to each Plaintiff in the amount of $2,500, together with

costs and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)    Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)    Declaring that the Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages

- 31 -

pursuant to NYLL § 198(3);

      (p)     Awarding Plaintiffs (including the prospective collective class members) pre-

judgment and post-judgment interest as applicable;

      (q)     Awarding Plaintiffs (including the prospective collective class members) the

expenses incurred in this action, including costs and attorney's fees;

      (r)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

      (s)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
      February 28, 2014

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____
                      Michael A. Faillace
                      60 East 42nd Street, Suite 2020
                      New York, New York 10165
                      Telephone:    (212) 317-1200
                      Facsimile:     (212) 317-1620
                      *Attorneys for Plaintiff*

- 32 -