UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DUARDO OLVERA, DELFINO OLVERA,
PRISCO SORIANO, FERNANDO PERALTA,
AND MODESTO PERALTA, *individually and*
*on behalf of others similarly situated,*

                         *Plaintiffs,*

                                                 No. 14-cv-1372(PAE)

        - against -

BAREBURGER GROUP LLC, BAREBURGER INC.,
EAST 87 BURGERS LLC, (d/b/a 1681 FIRST
AVENUE BAREBURGER), EAST SIDE BURGERS
LLC (d/b/a 1370 FIRST AVENUE BAREBURGER),
BAREBURGER EAST SIDE LLC,
(d/b/a BAREBURGER), BB ONE LLC
(d/b/a THIRD AVENUE BAREBURGER),
EURIPIDES PELEKANOS, GEORGIOS RODAS,
JOSEPH BUSUTTIL, PANTELIS TZANIDAKIS,
PETROSTZANIDAKIS, GEORGIOS TZANIDAKIS,
JOHN KAPSALIS, NICK MAROLACHAKIS,
NIKOLAOS GALANIS, VLASY VOINOVICH,
AND DIMITRIOS KOSMIDIS,

                         *Defendants.*

-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BAREBURGER GROUP LLC, BAREBURGER, INC, EURIPIDES PELEKANOS AND GEORGIOS RODAS' MOTION TO DISMISS

                                      **Acquista & Associates, P.C.**
                                      *Attorneys for Defendants Bareburger Group, LLC*
                                      *Bareburger, Inc., Euripides Pelekanos*
                                        *and Georgios Rodas*
                                      32-75 Steinway St. Suite 211
                                      Astoria, NY 11103
                                      Tel: 718.274.1010
                                      Fax: 718.274.1077
                                      E-Mail: sacquista@acquistalaw.com

Salvatore J. Acquista

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………………………………ii

PRELIMINARY STATEMENT        ………………………………………………………..1

STATEMENT OF FACTS        ……………………………………………………………..1

    A.  PLAINTIFFS' CLAIMS        …………………………………………………..1

    B.  PLAINTIFFS' ALLEGATIONS        …………………………………………..2

ARGUMENT …………………………………………………………………………….3

    A.  THE LEGAL STANDARD  …………………………………………………..3

    B.  THE FACTUAL ALLEGATIONS IN THE COMPLAINT DO NOT
       MAKE IT PLAUSIBLE THAT FRANCHISOR DEFENDANTS
       ARE EMPLOYERS  ………………………………………………………….4

          (i)      THE COURT SHOULD DISREGARD ALL
                CONCLUSORY FACTUAL ALLEGATIONS  …………………..4

          (ii)     THE COMPLAINT DOES NOT CONTAIN
                ANY FACTUAL ALLEGATIONS UPON
                WHICH THE COURT CAN MAKE A
                REASONABLE INFERENCE OF LIABILITY  ………………..8

CONCLUSION…………………………………………………………………………..10

i

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)    …………………………….3, 6, 8

*Barfield v. New York City Health and Hosp. Corp.,* 537 F.3d 132 (2d Cir. 2008)   …………..9

*Bell Atl. Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)   ……………………….3, 6, 8

*Cano v. DPNY, Inc.*, 287 F.R.D. 251 (S.D.N.Y. 2012)    …………………………………..9

*Chen v. Domino's Pizza, LLC,* 2009 U.S. Dist LEXIS 96362, *13 (D.N.J. 2009)   …………..8, 9

*Hart v. Rick's Cabaret Intern., Inc.*, 967 F.Supp.2d 901 (S.D.N.Y. 2013)   …………………..9

*Herman v RSR Security Services Ltd.,* 172 F.3d 132 (2d Cir. 1999) …………………………..9

*Nakahata v. New York-Presbyterian Healthcare System, Inc.* 723 F.3d 192 (2d Cir. 2013) ……..6

*In re NYSE Specialists Sec. Litig.*, 503 F.3d 89 (2d Cir. 2007)    …………………………..4

*Zheng v. Liberty Apparel Company, Inc.,* 355 F.3d 61 (2d Cir. 2003)    …………………….9


**<u>Statutes</u>**

Fed. R. Civ. P. 8(a)(2)…………………………………………………………………………..3

Fed R. Civ. P. 12(b)(6)    …………………………………………………………………….3

FLSA 29 U.S.C. §203(d)(1)   ………………………………………………………………….4

FLSA 29 U.S.C. §203(g)(1)   ………………………………………………………………….4

N.Y. Lab. L. §2(7)    ………………………………………………………………………….4

N.Y. Lab. L. §190(3)   ………………………………………………………………………..4

## PRELIMINARY STATEMENT

Defendants Bareburger, Inc., Bareburger Group, LLC, Euripides Pelekanos and Georgios Rodas (collectively, the "Franchisor Defendants") respectfully submit this Memorandum of Law in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs Duardo Olvera, Delfino Olvera, Prisco Soriano, Fernando Peralta and Modesto Peralta (collectively, the "Plaintiffs") allege in their complaint (the "Complaint", attached as Exhibit A to the Declaration of Salvatore J. Acquista), against both the Franchisor Defendants and the remaining defendants (herein called the "Franchisee Defendants") on their own behalf and similarly situated workers, various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

Pursuant to the Complaint, the Franchisor Defendants are joined in the action and alleged to be liable under the FLSA and NYLL as "employers", along with the Franchisee Defendants, yet no factual allegations establishing "employer" status are attributed specifically to Bareburger, Inc., Bareburger Group, LLC, or to Euripides Pelekanos and Georgios Rodas, as its principals. Therefore, the Complaint lacks sufficient factual allegations to make a plausible claim for relief in regard to the Franchisor Defendants and any claims against the Franchisor Defendants must be dismissed as a matter of law.

## STATEMENT OF FACTS

## A. PLAINTIFFS' CLAIMS

The alleged claims stated by Plaintiffs in the Complaint are that: (i) "Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 USC §206(a)." *See* Complaint ¶ 163; (ii) "Defendants, in violation of the FLSA, failed to pay Plaintiffs and FLSA

class members overtime compensation at rates at one and a half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of 29 USC §207(a)(1)." *See* Complaint ¶ 167; (iii) "Defendants, in violation of NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor." *See* Complaint ¶ 172; (iv) "Defendants in violation of NY Art. 19 and 12 NYCRR 142-2.2 failed to pay Plaintiffs overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek." *See* Complaint ¶ 176; (v) "Defendants failed to pay Plaintiffs one additional hours pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §§650 et seq. and 12 NYCRR §§137-1.7 and 137-3.11." *See* Complaint ¶ 180; (vi) "Defendants failed to provide Plaintiff's with written notice, in English and in Spanish, of their rate pay, regular pay day, and such other information as required by NYLL 195 (1)." *See* Complaint ¶ 184; and (vii) "Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)." *See* Complaint ¶ 187.

**B. PLAINTIFFS' ALLEGATIONS**

Plaintiffs' claims are based on the alleged "employment" of Plaintiffs while they were stationed at 1681 First Avenue, New York, NY 10028 (87th Street Location), 1370 First Avenue, New York, NY 10021 (73rd Street Location) and 514 Third Avenue, New York, NY (Third Avenue Location) (herein, collectively called the "Franchise Locations"). *See* Complaint at ¶¶ 18, 20, 22, 24, 26. The "Defendants" that maintained businesses at these addresses are the Franchisee Defendants: East Side Burgers, LLC f/k/a Bareburger East Side LLC (*See* Complaint at ¶¶ 31, 32), East 87 Burgers LLC (*See* Complaint at ¶ 30), and BB One LLC (*See* Complaint ¶

2

33).  Although the Plaintiffs each individually allege multiple violations of the FLSA and NYLL stemming from their direct employment at a particular Franchise Location maintained by one of the Franchisee Defendants, each and every allegation is made using the universal and all-encompassing term "Defendants". *See* Complaint ¶¶ 30-33, 55-133. In fact, the only specific allegations against the Franchisor Defendants state that "upon information and belief" they are "domestic corporations existing under the state of New York with an address at 31-29 Vernon Blvd, Queens, NY" and that Euripides Pelekanos and Geogios Rodas are "engaged in business in this judicial district during the relevant time period". *See* Complaint ¶¶ 28, 29, 34, 35.

## ARGUMENT

### A.  LEGAL STANDARD

Pursuant to Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." *See,* Fed R. Civ. P. 12(b)(6).   Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).   A claim has "facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the allege misconduct*." Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). Although a "court must accept as true all of the allegations contained in a complaint" such tenet is "inapplicable to legal conclusions"*.  Iqbal*, 556 US at 678.  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of further factual enhancement" *Id.* (quoting *Twombly* 550 U.S. at 555, 557). Therefore,

the Court "need not accord legal conclusions, deductions or opinions couched a factual allegations … a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

Additionally, in order to be liable under the FLSA and NYLL a defendant must be an "employer." Pursuant to the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee," and to "employ" means to "suffer or permit to work." 29 U.S.C. § 203 (d) and (g). Pursuant to NYLL, "employer" includes any person, corporation, limited liability company or association employing any individual in any occupation, industry, trade business or service" and to employ means "permitted or suffered to work". N.Y. Lab. L. §2(7) and §190(3).

### B.  THE FACTUAL ALLEGATIONS IN THE COMPLAINT DO NOT MAKE IT PLAUSIBLE THAT FRANCHISOR DEFENDANTS ARE EMPLOYERS

### (i) THE COURT SHOULD DISREGARD ALL CONCLUSORY FACTUAL ALLEGATIONS

Prior to commencing any plausibility analysis, the Complaint needs to be stripped of any allegations that are "labels and conclusions", "legal conclusions", "formulaic recitations" and "naked assertions". As an initial concern, Franchisor Defendants have been dragged into all factual allegations by the use of the broad and universal term "Defendants", without any factual indication that the Franchisor Defendants are in any way involved.  Accordingly, any allegations made that contain no factual statements that the Franchisor Defendants were involved are conclusory and must be disregarded prior to any plausibility analysis.

The only allegations that are specific to the Franchisor Defendants are those contained in the jurisdictional/party allegations upon information and belief consisting of: "Defendant

Bareburger Group LLC is a domestic corporation organized and existing under the laws of the State of New York" and "Defendant Bareburger Group LLC maintains its corporate headquarters at 31-29 Vernon Boulevard, Queens, NY 11106". *See* Complaint ¶28. "Bareburger, Inc. is a domestic corporation organized and existing under the laws of the State of New York" and "Defendant Bareburger Inc. maintains its corporate headquarters at 31-29 Vernon Boulevard, Queens, NY 11106". *See* Complaint ¶29.

Even when Plaintiffs specifically address the individual Franchisor Defendants, they continue to lump them in through the all-inclusive "Defendant Corporations" label with the following allegations: "Defendant Euripides Pelekanos is sued individually in his capacity as an owner, officer and or agent of the Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including, Plaintiffs, and established the schedules of employees, maintained employee records, and had the authority to hire and fire employees." *See* Complaint ¶34. "Defendant Georgios Rodas is sued individually in his capacity as an owner, officer and or agent of the Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determined the wages and compensation of the employees of Defendants, including, Plaintiffs, and established the schedules of employees, maintained employee records, and had the authority to hire and fire employees." *See* Complaint ¶35. The conclusory allegations using the universal "Defendants" label continue throughout the Complaint. These allegations include all allegations that deal with Plaintiffs being employed by Defendants at the Franchise Locations and all alleged FLSA and/or NYLL violations at the Franchise Locations. *See* Complaint ¶¶55-133.

We are left to wonder who among the Defendants is the actual "employer" of the Plaintiffs and what the relationship is between the Defendants, if any, even though "plaintiff's actual and direct employer is an essential element of notice pleading". *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). The Complaint should not be used by Plaintiffs to "unlock the doors of discovery" if Plaintiffs are "armed with nothing more than conclusions". *Iqbal*, 129 S.Ct. at 1950. Therefore, the Plaintiffs should not have the opportunity to use the Complaint for a fishing expedition for the purpose of identifying suitable defendants and their relationships to one another.

Regardless of the inappropriate use of the catch-all "Defendants" categorization, the factual allegations are insufficient as they consist entirely of "labels and conclusions", "legal conclusions", "formulaic recitations" and "naked assertions"; and therefore do not pass the pleading thresholds set by *Twombly* and *Iqbal*. The most concerning is the factual allegations entitled *Defendants Constitute Joint Employers* where it is assumed the Plaintiffs would allege specific allegations of "employer" status. Instead, Plaintiffs continue the trend of trying to pass a legal pleading threshold with additional generalized and conclusory statements including: "Defendants own, operate, or control a chain of organic fast food restaurants, three of which are located at various locations around Manhattan." *See* Complaint ¶45; "Individual Defendant Euripides Pelekanos, George Rodas, Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis, John Kapsalis, Nick Marolachakis, Nikolaos Galanis, Vlasy Voinovich, and Dimitrios Kosmidi possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporation." *See* Complaint ¶46; "Defendants possess or possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies

and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein." *See* Complaint ¶47. "Defendants employ or employed Plaintiffs, and all similarly situated individuals, and are or were Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL." *See* Complaint ¶48. "Upon information and belief, Individual Defendants Euripides Pelekanos, George Rodas, Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis, John Kapsalis, Nick Marolachakis, Nikolaos Galanis, Vlasy Voinovich, and Dimitrios Kosmidi operate Defendant Corporations as either alter egos of themselves, and or failed to operate Defendant Corporations as entities legally separate and apart from themselves by, among other things." *See* Complaint ¶49. "At all relevant times, Defendants were Plaintiffs' employer within the meaning of FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' service." *See* Complaint ¶50. "In each year from 2011 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)". *See* Complaint ¶51. "In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York." *See* Complaint ¶52.

The Complaint continues to be flooded with conclusory statements including, "Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor cost and denying employees' compensation by knowingly violating the FLSA and NYLL." *See* Complaint ¶135. "At all times relevant to this action, Defendants were Plaintiff's employers

7

within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d). Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment". *See* Complaint ¶160. "At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of N.Y. Lab. Law §§2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment". *See* Complaint ¶171.

It becomes quite obvious that the Complaint is devoid of any required factual allegations with the requisite specificity, and that Plaintiffs had decided on a "shotgun" approach to bringing forward their claims which does not pass the pleading thresholds set by *Twombly* and *Iqbal* and therefore the Complaint should be dismissed. *See*, *Chen v. Domino's Pizza, LLC* 2009 U.S. Dist LEXIS 96362, *13 (D.N.J. 2009) (The complaint against the franchisor defendant was dismissed because it simply made conclusory statements that the defendant was an employer and failed to make any specific allegations against the franchisor defendant.).

### (ii) THE COMPLAINT DOES NOT CONTAIN ANY FACTUAL ALLEGATIONS UPON WHICH THE COURT CAN MAKE A REASONABLE INFERENCE OF LIABILITY

It is not plausible that the Franchisor Defendants are an "employer" of Plaintiffs as a matter of law because the allegations against the Franchisor Defendants are so bereft of factual content that the Court cannot draw any inferences let alone reasonable inferences of "employer" status or liability. The plausibility determination is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. "The factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. Though the Franchisor Defendants should be immune from liability

due to their franchisor status, Courts have used an "economic realities test" to determine if an employer/employee relationship exists pursuant to the FLSA by examining the "formal" and/or "functional" control that the alleged employer may have over the employee. *See, Barfield v. New York City Health and Hosp. Corp.* 537 F.3d 132 (2d Cir. 2008); *Herman v RSR Security Services Ltd., 172 F.3d 132 (2d Cir. 1999); Zheng v. Liberty Apparel Company, Inc.* 355 F.3d 61 (2d Cir. 2003). Though Courts have used the same analysis for determining if an employer/employee relationship exists pursuant to NYLL, a common law test has also been applied which focuses more on the "degree of control" of the employer. *See, Hart v. Rick's Cabaret Intern., Inc.,* 967 F.Supp.2d 901, 924 (S.D.N.Y. 2013). After disregarding all the conclusory allegations in the Complaint, there are no factual allegations specific to the Franchisor Defendants remaining, let alone factual allegations that establish any degree of control over the Plaintiffs, "formal" or "functional", and therefore the Complaint should be dismissed.  Further, the Plaintiffs should be held to an even greater standard of specificity in their factual allegations in regard to the Franchisor Defendants since, generally franchisors are not liable in this context. *See, Cano v. DPNY, Inc.*, 287 F.R.D. 251 (S.D.N.Y. 2012) ("Courts that have addressed this issue in other circuits have applied the economic reality test and have generally concluded that franchisors are not employers within the meaning of the FLSA"); *Chen v. Domino's Pizza, LLC* 2009 U.S. Dist LEXIS 96362, *13 (D.N.J. 2009) ("Courts have consistently held that the franchisor/franchisee relationship does not create an employment relationship between a franchisor and franchisees employee").

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant the Franchisor Defendants motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) and dismiss all claims against the Franchisor Defendants.

**Acquista & Associates, PC**

By: <u>s/ Salvatore J. Acquista</u>
Salvatore J. Acquista (SA-1331)
32-75 Steinway St. Suite 211
Astoria, New York 11103
Tel: 718.274.1010
Fax: 718.274.1077
Email: <u>sacquista@acquistalaw.com</u>
*Attorneys for Bareburger Group LLC,*
*Bareburger Inc., Euripides Pelkanos*
*and Georgios Rodas*

## CERTIFICATE OF SERVICE

I, Salvatore J. Acquista, hereby certify that on April 21, 2014, a true and correct copy of foregoing MEMO OF LAW was served electronically via the Court's ECF System upon the below attorneys and that it is available for viewing and downloading from the ECF System.

Duane Morris LLP
*Attorneys for Defendants, BB One LLC,*
*Nick Marolachakis, Nikolaos Galanis, Vlasy Voinovich*
*And Dimitrios Kosmidis*
1540 Broadway
New York, New York 10036
Attn:  Evan Michailidis, Esq.

Steven D. Hans & Associates, P.C.
*Attorneys for East 87 Burgers LLC, East Side Burgers LLC*
*Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis,*
*Georgios Tzanidakis and John Kapsalis*
41-18 Court Square, Suite 403
Long Island City, New York 11101
Attn:  Stephen D. Hans, Esq.

Michael Faillance & Associates, P.C.
*Attorney for Plaintiffs*
60 East 42nd Street, Suite 2020
New York, New York 10165
Attn: Michael Faillance, Esq.

s/ Salvatore J. Acquista
Salvatore J. Acquista (SA-1331)
32-75 Steinway St., Suite 211
Astoria, New York 11103
Tel: 718.274.1010
Fax: 718.274.1077
Email: sacquista@acquistalaw.com

11