UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DUARDO OLVERA, DELFINO OLVERA,
PRISCO SORIANO, FERNANDO PERALTA,
AND MODESTO PERALTA, *individually and
on behalf of others similarly situated,*

                    *Plaintiffs,*

                                                        No. 14-cv-1372(PAE)

         - against -

BAREBURGER GROUP LLC, BAREBURGER INC.,
EAST 87 BURGERS LLC, (d/b/a 1681 FIRST
AVENUE BAREBURGER), EAST SIDE BURGERS
LLC (d/b/a 1370 FIRST AVENUE BAREBURGER),
BAREBURGER EAST SIDE LLC,
(d/b/a BAREBURGER), EURIPIDES PELEKANOS,
GEORGIOS RODAS, JOSEPH BUSUTTIL,
PANTELIS TZANIDAKIS, PETROS TZANIDAKIS,
GEORGIOS TZANIDAKIS, AND JOHN KAPSALIS,


                    *Defendants.*

---------------------------------------------------------------X

---
## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BAREBURGER GROUP LLC, BAREBURGER, INC, EURIPIDES PELEKANOS AND GEORGIOS RODAS' MOTION TO DISMISS
---

**Acquista & Associates, P.C.**
*Attorneys for Defendants Bareburger Group, LLC
Bareburger, Inc., Euripides Pelekanos
 and Georgios Rodas*
32-75 Steinway St. Suite 211
Astoria, NY 11103
Tel: 718.274.1010
Fax: 718.274.1077
E-Mail: sacquista@acquistalaw.com

Salvatore J. Acquista

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES …………………………………………………………..ii

PRELIMINARY STATEMENT     …………………………………………………..1

STATEMENT OF FACTS     …………………………………………………………..2

    A.  PLAINTIFFS' CLAIMS     …………………………………………………..2

    B.  PLAINTIFFS' ALLEGATIONS     …………………………………………..3

ARGUMENT ………………………………………………………………………..5

    A.  THE LEGAL STANDARD  ………………………………………………..5

    B.  THE FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT DO NOT
        MAKE IT PLAUSIBLE THAT FRANCHISOR DEFENDANTS
        ARE EMPLOYERS OF PLAINTIFFS     …………………………………………..5

        (i)     THE COURT SHOULD DISREGARD ALL
                CONCLUSORY FACTUAL ALLEGATIONS     ……………………5

        (ii)    THE AMENDED COMPLAINT DOES NOT CONTAIN
                ANY FACTUAL ALLEGATIONS UPON
                WHICH THE COURT CAN MAKE A
                REASONABLE INFERENCE OF LIABILITY     ……………………8

CONCLUSION………………………………………………………………………10

i

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)   …………………………..5, 7, 8

*Barfield v. New York City Health and Hosp. Corp.,* 537 F.3d 132 (2d Cir. 2008)   …………..9

*Bell Atl. Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)   ………………………..5, 7, 8

*Cano v. DPNY, Inc.*, 287 F.R.D. 251 (S.D.N.Y. 2012)   ……………………………………..9

*Chen v. Domino's Pizza, LLC,* 2009 U.S. Dist LEXIS 96362, *13 (D.N.J. 2009)   …………7, 10

*Hart v. Rick's Cabaret Intern., Inc.*, 967 F.Supp.2d 901 (S.D.N.Y. 2013)   ……………………..9

*Herman v RSR Security Services Ltd.,* 172 F.3d 132 (2d Cir. 1999) ……………………………..9

*In re NYSE Specialists Sec. Litig.*, 503 F.3d 89 (2d Cir. 2007)   ……………………………..5

*Zheng v. Liberty Apparel Company, Inc.,* 355 F.3d 61 (2d Cir. 2003)   ………………………..9

### <u>Statutes</u>

Fed. R. Civ. P. 8(a)(2)………………………………………………………………………….5

Fed R. Civ. P. 12(b)(6)   ……………………………………………………………………5, 10

FLSA 29 U.S.C. §203(d)   …………………………………………………………………….8

FLSA 29 U.S.C. §203(g)   …………………………………………………………………….8

N.Y. Lab. L. §2(7)   ……………………………………………………………………….…8

N.Y. Lab. L. §190(3) ……………………………………………………………………….…8

## PRELIMINARY STATEMENT

Defendants Bareburger, Inc., Bareburger Group, LLC, Euripides Pelekanos and Georgios Rodas (collectively, the "Franchisor Defendants") respectfully submit this Memorandum of Law in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs Duardo Olvera, Delfino Olvera, Prisco Soriano, Fernando Peralta and Modesto Peralta (collectively, the "Plaintiffs") allege in their first amended complaint (the "Amended Complaint", attached as Exhibit A to the Declaration of Salvatore J. Acquista, Esq.), against both the Franchisor Defendants and the remaining defendants (the "Franchisee Defendants") on their own behalf and similarly situated workers, various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Pursuant to the Amended Complaint, the Franchisor Defendants are joined in the action, and grouped with the Franchisee Defendants, as "joint employers."

Franchisor Defendants filed their initial motion to dismiss (the "Initial Motion") pursuant to Fed. R. Civ. P. 12(b)(6), as the original complaint lacked sufficient factual allegations to make plausible claim for relief against Franchisor Defendants. In response to the Initial Motion, and as a matter of course, Plaintiffs filed, on May 13, 2014, an Amended Complaint in an attempt to provide the necessary factual allegations to make a plausible claim for relief. Once again though, Plaintiffs fail, as the supplemental allegations contained in the Amended Complaint are no more than boiler plate regurgitations of legal theories and standards void of any specific facts regarding the Franchisor Defendants. Therefore, the Amended Complaint lacks sufficient factual allegations to make a plausible claim for relief in regard to the Franchisor Defendants and any claims against the Franchisor Defendants must be dismissed as a matter of law.

1

## STATEMENT OF FACTS

### A. PLAINTIFFS' CLAIMS

The alleged claims stated by Plaintiffs in the Amended Complaint are that: (i) "Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 USC §206(a)." *See,* Amended Complaint ¶ 144; (ii) "Defendants, in violation of the FLSA, failed to pay Plaintiffs and FLSA class members overtime compensation at rates at one and a half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of 29 USC §207(a)(1)." *See,* Amended Complaint ¶ 148; (iii) "Defendants, in violation of NYLL, paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor." *See,* Amended Complaint ¶ 153; (iv) "Defendants in violation of NY Art. 19 and 12 NYCRR 142-2.2 failed to pay Plaintiffs overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek." *See,* Amended Complaint ¶ 157; (v) "Defendants failed to pay Plaintiffs on additional hours pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §§650 et seq. and 12 NYCRR §§137-1.7 and 137-3.11." *See,* Amended Complaint ¶ 161; (vi) "Defendants failed to provide Plaintiff's with written notice, in English and in Spanish, of their rate pay, regular pay day, and such other information as required by NYLL 195 (1)." *See,* Amended Complaint ¶ 165; and (vii) "Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)." *See,* Amended Complaint ¶ 168.

B. **PLAINTIFFS' ALLEGATIONS**

Plaintiffs' claims are based on the alleged "employment" of Plaintiffs while they were stationed at 1681 First Avenue, New York, NY 10028 and 1370 First Avenue, New York, NY 10021 (collectively, the "Franchise Locations"). *See,* Amended Complaint ¶¶ 17, 19, 21, 23. The Plaintiffs each individually allege multiple violations of the FLSA and NYLL stemming from their direct employment at the Franchise Locations. *See* Amended Complaint ¶¶ 6-9, 62-123. Plaintiffs correctly allege that the Franchisee Defendants "own, operate and control" the Franchise Locations and have a franchisor/franchisee relationship with the Franchisor Defendants pursuant to a franchise agreement in which the Franchisor Defendants license to Franchisee Defendants the use of the trade name Bareburger. *See,* Amended Complaint ¶¶ 1, 2, 29.

Whereas the Franchise Locations are owned, operated and controlled by the Franchisee Defendants, Plaintiffs deceptively use the universal term "Defendants" when stating allegations regarding the specific actions that took place at the Franchise Locations. *See,* Amended Complaint ¶¶ 62-123.  For those many allegations that invoke the universal term "Defendants", Plaintiffs misleadingly and unjustly include the Franchisor Defendants where the allegations could only refer to the Franchisee Defendants.

Moreover, the remaining allegations specific to the Franchisor Defendants either recite the basic legal characteristics of a franchisor/franchisee relationship—such as, Franchisor Defendants, "grant franchise to operate Bareburger stores in New York and grant sublicenses to franchisees to use the Bareburger trademarks"; Franchisor Defendants, "run an organic fast food business dependent on its franchise"; Franchisor Defendants "have a central research and development team to create new products for Bareburger stores"; "Bareburger stores must

3

conform to… standard layout requirements"; and Franchisor Defendants have "rights to inspect the facilities and operations of Franchisee Defendants." (*See,* Amended Complaint ¶¶ 29, 47-49, 53)—or recite boilerplate, conclusory legal allegations, mostly "upon information and belief"—such as Franchisor Defendants, "operated the restaurants as a joint or unified enterprise"; Franchisor Defendants, "knew or should have known of the unlawful policies…had the power to stop the work and/or violations"; "as a matter of economic reality, Franchisor Defendants were employers of Plaintiffs within the meaning of the FLSA and the NYLL, and Franchisor Defendants employed and/or jointly employed Plaintiffs"; Franchisor Defendants, "suffered or permitted Plaintiffs…to work", "benefitted from Plaintiffs' work," " had either functional and/or formal control over terms and conditions of work of Plaintiffs"; Franchisor Defendants, "had the authority and exercised the authority to control, directly or indirectly, the work of Plaintiffs"; Franchisor Defendants, "had the authority to and did require that Franchisor Defendants employ recordkeeping of the operation of Franchisee Defendants, including systems for tracking hours and wages and for retaining payroll records"; Franchisor Defendants, "had the authority to control, directly or indirectly, the timekeeping and payroll practices of Franchisee Defendants"; Franchisor Defendants, "knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of Plaintiffs"; and Franchisor Defendants, "had the authority to stop violations of the labor law, and ultimately, to control the employment of Plaintiffs and similarly situated employees, including, but not limited, causing termination of their employment." *See,* Amended Complaint ¶¶ 3, 10, 30, 31, 51, 52, 55-57. To the extent that Plaintiffs make any allegations at all against the Franchisor Defendants, they are conclusory.

# ARGUMENT

## A. LEGAL STANDARD

Pursuant to Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." *See,* Fed R. Civ. P. 12(b)(6).   Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).   A claim has "facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the allege misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). Although a "court must accept as true all of the allegations contained in a complaint" such tenet is "inapplicable to legal conclusions".  *Iqbal*, 556 US at 678.  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of further factual enhancement" *Id.* (quoting *Twombly* 550 U.S. at 555, 557). Therefore, the Court "need not accord legal conclusions, deductions or opinions couched a factual allegations … a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## B. THE FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT DO NOT MAKE IT PLAUSIBLE THAT FRANCHISOR DEFENDANTS ARE EMPLOYERS OF PLAINTIFFS

## (i) THE COURT SHOULD DISREGARD ALL CONCLUSORY FACTUAL ALLEGATIONS

The Amended Complaint, to the extent that it purports to state a claim as against the Franchisor Defendants, is wholly insufficient as such, not only because of Plaintiffs' misuse of

the catch-all term "Defendants", which erroneously and unjustly includes the Franchisor Defendants where the allegations could only refer to the Franchisee Defendants, but because, to the extent that Plaintiffs make any specific allegations at all against the Franchisor Defendants, they are conclusory.

Prior to commencing any plausibility analysis, the Amended Complaint must be stripped by the Court of any allegations that are "labels and conclusions", "legal conclusions", "formulaic recitations" and "naked assertions". As an initial concern, Franchisor Defendants have been dragged into the integral specific factual allegations by the use of the broad and universal term "Defendants", without any factual indication that the Franchisor Defendants are in any way involved with the specific actions that took place at the Franchise Locations. *See,* Amended Complaint ¶¶ 62-123. These allegations include, "Plaintiff Eduardo was employed by the Defendants… as a dishwasher"; "Plaintiff Delfino was employed by Defendants…as a porter"; "Plaintiff Fernando was employed by Defendants…as a dishwasher"; "Plaintiff Modesto was employed by the Defendants…as a food preparer and as a cook." *See* Amended Complaint ¶¶ 62-63, 77-78, 94-95, 110-111. In effect, these allegations, which were plainly meant to apply against the Franchisee Defendants only, carelessly include the Franchisor Defendants, despite the fact that these allegations are inconsistent with the franchisor/franchisee relationship earlier alleged by Plaintiffs.

Regardless of the inappropriate use of the catch-all "Defendants" categorization, the specific factual allegations against Franchisor Defendants, which are not simply attributable to a franchisor/franchisee relationship, are insufficient as they consist entirely of "labels and conclusions", "legal conclusions", "formulaic recitations" and "naked assertions"; and therefore

do not pass the pleading thresholds set by *Twombly* and *Iqbal*. *See,* Amended Complaint ¶¶ 3, 10, 30, 31, 51, 52, 55-57.

For instance, Plaintiffs make a number of allegations that seem to be direct legal conclusions, mimicking case law without making any factual allegations. For example: "Franchisor Defendants had the power to stop the work and/or the violations, but did not do so"; and "as a matter of economic reality, Franchisor Defendants were employers of Plaintiffs within the meaning of FLSA and the NYLL". *See,* Amended Complaint ¶¶ 10, 30. What's more is that, in ¶31 of the Amended Complaint, and in direct contravention of the *Twombly* standard, Plaintiffs proceed to list nearly verbatim the prongs of the so-called "economic reality test." The Court in *Twombly* held in no uncertain terms that "a formulaic recitation of the elements of a cause of action will not do." *Twombly* 550 U.S. at 555. A sufficiently-pled complaint must do more than simply leave open a possiblity that a plaintiff could prove its case. Instead, the pleading must contain detail sufficient to create a reasonable expectation that discovery will surface evidence of wrongdoing. As it stands, this Court need not accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal* 556 U.S. at 678. Under the standards of *Iqbal* and *Twombly*, legal conclusions should not be assumed to be true and must be discarded for purposes of assessing the factual assertions of a complaint.

It becomes quite obvious that the Amended Complaint is devoid of any required factual allegations with the requisite specificity, and that Plaintiffs had decided on a "shotgun" approach to bringing forward their claims which does not pass the pleading thresholds set by *Twombly* and *Iqbal* and therefore the Complaint should be dismissed. *See*, *Chen v. Domino's Pizza, LLC* 2009 U.S. Dist LEXIS 96362, *13 (D.N.J. 2009) (The complaint against the franchisor defendant was

dismissed because it simply made conclusory statements that the defendant was an employer and failed to make any specific allegations against the franchisor defendant.).

## (ii) THE AMENDED COMPLAINT DOES NOT CONTAIN ANY FACTUAL ALLEGATIONS UPON WHICH THE COURT CAN MAKE A REASONABLE INFERENCE OF LIABILITY

Although, stating that the Franchisee Locations are owned, operated and controlled by the Franchisee Defendants and that there is a franchisee/franchisor relationship between the Franchisor Defendants and the Franchisee Defendants, Plaintiffs still try, and fail, to make the necessary factual allegations to make a claim for relief plausible against Franchisor Defendants under a "joint employer" theory. In order to be liable under the FLSA and NYLL a defendant must be an "employer." Pursuant to the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee," and to "employ" means to "suffer or permit to work." 29 U.S.C. § 203 (d) and (g). Pursuant to NYLL, "employer" includes any person, corporation, limited liability company or association employing any individual in any occupation, industry, trade business or service" and to employ means "permitted or suffered to work". N.Y. Lab. L. §2(7) and §190(3).

It is not plausible that the Franchisor Defendants are an "employer" of Plaintiffs as a matter of law because the allegations against the Franchisor Defendants are so bereft of factual content that the Court cannot draw any inferences, let alone reasonable inferences, of "employer" status or liability. The plausibility determination is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. "The factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. Courts have used an "economic realities test" to determine if an employer/employee relationship exists pursuant to the FLSA by examining the "formal" and/or

8

"functional" control that the alleged employer may have over the employee. *See, Barfield v. New York City Health and Hosp. Corp.* 537 F.3d 132 (2d Cir. 2008); *Herman v RSR Security Services Ltd., 172 F.3d 132 (2d Cir. 1999); Zheng v. Liberty Apparel Company, Inc.* 355 F.3d 61 (2d Cir. 2003). Though Courts have used the same analysis for determining if an employer/employee relationship exists pursuant to NYLL, a common law test has also been applied which focuses more on the "degree of control" of the employer. *See, Hart v. Rick's Cabaret Intern., Inc.,* 967 F.Supp.2d 901, 924 (S.D.N.Y. 2013). After disregarding all the conclusory allegations in the Amended Complaint, there are no factual allegations specific to the Franchisor Defendants remaining, let alone factual allegations that establish any "degree of control" over the Plaintiffs, "formal" or "functional." In fact, as stated above, the Plaintiff relies on a mere restatement of the "economic realities test" in place of any specific factual allegations. *See,* Amended Complaint ¶¶ 31. The Amended Complaint is void of direct specific factual allegations that Franchisor Defendants had any control or took any actions in regard to the Plaintiffs or even interacted with Plaintiffs in any way. The only allegations that remain specific to the Franchisor Defendants are those which describe the standard franchise relationship. *See,* Amended Complaint ¶¶ 29, 47-49, 53. These allegations should not be used in any "joint employer" analysis as the "economic realities test" should not be taken too far as it is "intended to expose outsourcing relationships that lack a substantial economic purpose, but it is manifestly not intended to bring normal, strategically-oriented contracting schemes within the ambit of the FLSA." *Zheng,* 355 F.3d at 76. Therefore, the Plaintiffs should be held to an even greater standard of specificity in their factual allegations in regard to the Franchisor Defendants since, generally franchisors are not liable in this context. *See, Cano v. DPNY, Inc.*, 287 F.R.D. 251 (S.D.N.Y. 2012) ("Courts that have addressed this issue in other circuits have applied the economic reality test and have generally

concluded that franchisors are not employers within the meaning of the FLSA"); *Chen v. Domino's Pizza, LLC* 2009 U.S. Dist LEXIS 96362, *13 (D.N.J. 2009) ("Courts have consistently held that the franchisor/franchisee relationship does not create an employment relationship between a franchisor and franchisees employee").

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant the Franchisor Defendants motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)  and dismiss all claims against the Franchisor Defendants.

**Acquista & Associates, PC**

By: <u>s/ Salvatore J. Acquista</u>
Salvatore J. Acquista (SA-1331)
32-75 Steinway St. Suite 211
Astoria, New York 11103
Tel: 718.274.1010
Fax: 718.274.1077
Email: sacquista@acquistalaw.com
*Attorneys for Bareburger Group LLC,*
*Bareburger Inc., Euripides Pelkanos*
*and Georgios Rodas*

## CERTIFICATE OF SERVICE

I, Salvatore J. Acquista, hereby certify that on May 27, 2014, a true and correct copy of foregoing MEMORANDUM OF LAW was served electronically via the Court's ECF System upon the below attorneys and that it is available for viewing and downloading from the ECF System.


Steven D. Hans & Associates, P.C.
*Attorneys for East 87 Burgers LLC, East Side Burgers LLC*
*Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis,*
*Georgios Tzanidakis and John Kapsalis*
41-18 Court Square, Suite 403
Long Island City, New York 11101
Attn:  Stephen D. Hans, Esq.

Michael Faillance & Associates, P.C.
*Attorney for Plaintiffs*
60 East 42nd Street, Suite 2020
New York, New York 10165
Attn: Michael Faillance, Esq.


s/ Salvatore J. Acquista
Salvatore J. Acquista (SA-1331)
32-75 Steinway St., Suite 211
Astoria, New York 11103
Tel: 718.274.1010
Fax: 718.274.1077
Email: sacquista@acquistalaw.com

11