UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDUARDO OLVERA, DELFINO OLVERA,
FERNANDO PERALTA AND MODESTO
PERALTA, *individually and on behalf of others*                    **14-cv-1372 (PAE)**
*similarly situated,*

                           *Plaintiffs*,

               -against-

BAREBURGER GROUP LLC, BAREBURGER INC.,
EAST 87 BURGERS LLC (d/b/a 1681 FIRST
AVENUE BAREBURGER), EAST SIDE BURGERS
LLC (d/b/a 1370 FIRST AVENUE BAREBURGER),
BAREBURGER EAST SIDE LLC (d/b/a
BAREBURGER), EURIPIDES PELEKANOS,
GEORGIOS RODAS, JOSEPH BUSUTTIL,
PANTELIS TZANIDAKIS, PETROS TZANIDAKIS,
GEORGIOS TZANIDAKIS, JOHN KAPSALIS,

                         *Defendants.*
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO FRANCHISOR DEFENDANTS' MOTION TO DISMISS

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

**Table of Contents**

Preliminary Statement....................................................................................................................4

   I.    PLAINTIFFS' ALLEGATIONS ARE SUFFICIENT TO SURVIVE A 12(b)(6)
        MOTION ...........................................................................................................................5

   II.   PLAINTIFFS ALLEGE SUFFICIENT FACTS TO SUPPORT A CLAIM THAT
        FRANCHISOR DEFENDANTS ARE LIABLE AS JOINT EMPLOYERS UNDER
        THE FLSA AND NYLL ...................................................................................................8

CONCLUSION..............................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ................................................................... 5

*Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) ................................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................................ 5

*Cano v. DPNY, Inc.*, 287 F.R.D. 251 (S.D.N.Y. 2012) ......................................................... 5, 7, 8

*Copantitla v. Fiskardo Estiatorio, Inc.*,09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, at *5
　　(S.D.N.Y. Apr. 5, 2010) ................................................................................... 11

*Curtis & Gartside Co. v. Pigg*, 134 P. 1125, 1126 (Okla. 1913) .............................................. 10

*Herman v. RSR Sec. Serv. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ............................................ 11

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) ............................................... 9

*Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947) .................................................. 8

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ................................................................ 5

*Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005) ........................................ 7

*Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) ...................................................... 5

*Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC), 2011 WL 4571792, at *2
　　(S.D.N.Y. Sept. 23, 2011) ................................................................................. 6

*U.S. Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1543 (7th Cir. 1987) ...................................... 9

*United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) ................................................. 9

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003) ................................................... 8

**Statutes**

29 U.S.C. §§ 201 ............................................................................................. 4

29 U.S.C. § 203(d) ........................................................................................... 9

29 U.S.C. § 203(e) ........................................................................................... 9

29 U.S.C. § 203(g) ........................................................................................... 9

**Journals**

*Bruce Goldstein, Marc Linder,  Laurence E. Norton II & Catherine Ruckelshaus, Enforcing Fair
　　Labor Standards in the Modern  American Sweatshop: Rediscovering the Statutory Definition
　　of Employment*, 46 UCLA L. Rev. 983 (April 1999) .......................................................... 10

**Preliminary Statement**

Plaintiffs Eduardo Olvera, Delfino Olvera, Fernando Peralta, and Modesto Peralta commenced this action by filing a Complaint on February 28, 2014, and thereafter filed a First Amended Complaint ("First Am. Compl.") on May 13, 2013.[1] Plaintiffs are four employees who worked at a Bareburger restaurant in New York City, where they acted as porters, dishwashers, food preparers and cooks. The First Amended Complaint asserts claims against Defendants for unpaid wages under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201 *et seq.*), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and the wage notice and wage statement provisions of the NYLL § 195.

The First Amended Complaint alleges Defendants jointly employed Plaintiffs under the FLSA and NYLL. The Complaint further distinguishes the Defendants into two types based on the nature of their relationship to Plaintiffs. The "Franchisee Defendants" include East 87 Burgers LLC (d/b/a 1681 First Avenue Bareburger), East Side Burgers LLC (d/b/a 1370 First Avenue Bareburger), Bareburger East Side LLC (d/b/a Bareburger) ("Franchisee Corporate Defendants"); Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios Tzanidakis, and John Kapsalis ("Franchisee Individual Defendants"), and they filed an Answer to Plaintiffs' First Am. Compl. on May 27, 2014. The "Franchisor Defendants" consist of Bareburger Group LLC, Bareburger Inc. ("Franchisor Corporate Defendants"), Euripides Pelekanos, and Georgios Rodas ("Franchisor Individual Defendants"), and on May 27, 2014, the Franchisor Defendants filed a motion to dismiss Plaintiffs' First Am. Compl.

---

1 The original Complaint in this action also included Plaintiff Prisco Soriano; this Plaintiff has since been dismissed from this action.

The Franchisor Defendants' motion appears to make two arguments: (1) Plaintiffs' factual allegations are too conclusory to survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (2) the Franchisor Defendants cannot plausibly constitute Plaintiffs' "employers" under the FLSA. Neither argument is availing. Plaintiffs' First Amended Complaint sets forth detailed factual allegations demonstrating an employment relationship between Plaintiffs and the Franchisor Defendants under the FLSA, which contains the broadest definition of covered employer of any employment law. *United States v. Rosenwasser*, 323 U.S. 360, 363, n.3 (1945). Under Second Circuit precedent, Plaintiffs' allegations – taken as true for the purposes of this motion – are more than sufficient to establish functional control of the key components of Plaintiffs' jobs by the Franchisor Defendants, which is the standard for liability as an "employer" under the "economic realities" test of the FLSA. *See*, *e.g.*, *Cano v. DPNY, Inc.*, 287 F.R.D. 251 (S.D.N.Y. 2012) (granting motion to amend complaint to add Corporate Franchisor Defendants in FLSA wage and hour action).

## ARGUMENT

### POINT I

### PLAINTIFFS' ALLEGATIONS ARE SUFFICIENT TO SURVIVE A 12(b) MOTION

In order to defeat a Rule 12(b)(6) motion, Plaintiffs must plead only enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  The Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most

favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005) (quotations and citations omitted).

Plaintiffs' allegations that Franchisor Defendants are employers meet the required standard for pleadings at this stage.[2]   Plaintiffs' First Amended Complaint lists at least 11 separate factual allegations spelling out the involvement of the Franchisor Defendants as employers. First Am. Compl. ¶¶31, 47-57.   The First Amended Complaint outlines the franchisors' involvement in the operation of the Defendant stores on several levels: in particular, recordkeeping, provision of equipment, financial and business oversight, and generating policies for management of employees, including policies related to hiring and firing. *Id*.; *see also* http://www.bareburger.com/franchise/.   Furthermore, Plaintiffs' Complaint alleges that Defendants knew or should have known of the violations in the Defendants' stores and had the power to stop those violations. *Id*. ¶57.   The First Am. Compl. alleges that the Franchisor Defendants had the power to terminate the franchise agreement if the franchisee violated any laws.   In short, the Franchisor Defendants had sufficient operational control to detect and stop the practices complained of in this action.   They did not do so and the violations continued, while they profited from the sales made possible by the uncompensated and under-compensated work of Plaintiffs. *See Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC), 2011 WL 4571792, at *2 (S.D.N.Y. Sept. 23, 2011) (power to close or sell stores a factor in finding defendant to be employer under the FLSA).

Franchisor Defendants' motion argues that Plaintiffs' allegations are conclusory.   The decision in *Chen v. Domino's Pizza, Inc.*, No. 09-107 (JAP), 2009 WL 3379946 (D.N.J. Oct. 16, 2009), is instructive in demonstrating how Plaintiffs have *not* tendered conclusory allegations.

---

2 As is addressed more fully in fully in Point II, Plaintiffs' allegations are sufficient to state a claim against Defendants' as joint employers under the broad definition of employer under the FLSA.

In that case, "Plaintiffs simply make the conclusory statement that Domino's is an employer 'within the meaning of 29 U.S.C. § 203(d).' The complaint fails to make any specific allegations against Domino's to support this contention." Id. at *4. Accordingly, the Chen decision represents a straightforward application of pleading rules under the decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); merely reciting the conclusion that Defendants are an employer will not do. In contrast, as reviewed above, Plaintiffs here have set forth a long list of specific allegations to support their claim that the Franchisor Defendants have been Plaintiffs' joint employer under the FLSA.

Ultimately, Defendants appear to be accusing Plaintiffs' of being "conclusory" when they simply disagree with both Plaintiffs' characterization of the facts and the law of joint employment in this Circuit. This cannot support a successful motion under 12(b)(6); the facts alleged here are both sufficient and taken as true for the purposes of the motion. *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005). Insofar as Defendants wish to challenge Plaintiffs' allegations "[t]he appropriate time to adjudicate such issues is on a motion for summary judgment, when the plaintiffs have had an opportunity for discovery." *See*, *e.g.*, *Cano v. DPNY, Inc.*, 287 F.R.D. 251 (S.D.N.Y. 2012) (granting motion to amend complaint to add Corporate Franchisor Defendants to FLSA wage and hour action). Disputed issues of fact are properly addressed through the discovery process, and in this case, are likely to yield even richer and more detailed evidence of the Franchisor Defendants' functional control of the work of Plaintiffs.

**POINT II**

**PLAINTIFFS ALLEGE SUFFICIENT FACTS TO SUPPORT A CLAIM THAT FRANCHISOR DEFENDANTS ARE LIABLE AS JOINT EMPLOYERS UNDER THE FLSA AND NYLL**

Defendants' motion appears to argue that the Franchisor Defendants cannot plausibly constitute "employers" under the FLSA. As but one example, Franchisor Defendants argue Plaintiffs' allegation that "Plaintiff Fernando was employed by Defendants…as a dishwasher" was "plainly meant to apply against the Franchisee Defendants only" and that Franchisor Defendants were included under the term Defendants "carelessly." *See* Defendants' Mem. at 6. This argument suggests that Defendants do not appreciate the broad concept of "employ" as it has developed under the FLSA and the liability of the Franchisor Defendants as joint employers. As reviewed in Point I, the Complaint contains multiple specific factual allegations of the Franchisor Defendants' power over Plaintiffs' work, powers that, in total, support a finding that Defendants were joint employers of Plaintiffs under the broad definition of "employ" under the FLSA. Indeed, a court in the Southern District has already used a 12(b)(6) analysis to  determine that franchisors can potentially face joint employment liability based on substantially similar factual allegations to those found in the instant First Amended Complaint. *Cano v. DPNY, Inc.*, 287 F.R.D. 251 (S.D.N.Y. 2012).

The decision in *Cano* was guided by Second Circuit precedent interpreting the expansive definition of "employ" under the FLSA. *See Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008); *Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999).  These cases, in turn, derive from the Supreme Court's holding in *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947) (setting forth factors that, under the "circumstances of the whole activity" established an employer-employee

relationship under the FLSA). *See Barfield*, 537 F.3d at 141; *Zheng*, 355 F.3d at 70 (both citing *Rutherford*). Franchisor Defendants seem to imply because they did not engage in day-to-day supervision of the employment practices of their Franchisee, they cannot be labeled as Plaintiffs' employers.   This argument ignores or misconstrues both the statutory language of "suffer or permit to work," as well as Second Circuit precedent interpreting that language to bring within the definition of "employer" entities with "functional control" over the workplace, regardless of labels, formal arrangements, or contract.

Under the FLSA, to "employ" is to "suffer or permit" an individual to work.  29 U.S.C. § 203(g).  An "employee" is "any individual employed by an employer."   29 U.S.C. § 203(e). "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."  29 U.S.C. § 203(d).  The FLSA definition is "'the broadest definition [of 'employ'] that has ever been included in any one act.'" *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 69 (2d Cir. 2003) (quoting *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 Cong. Rec. 7657 (1937) (statement of Sen. Hugo L. Black))).   It "sweeps in almost any work done on the employer's premises, potentially any work done for the employer's benefit or with the employer's acquiescence." *U.S. Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1543 (7th Cir. 1987) (Easterbrook, C.J., concurring).   The definition was derived from earlier child labor statutes and was intended to "stretch the meaning of 'employee'" to include work relationships that were not within the traditional common-law definitions. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947)).  The actual words "mean[] that [the employer] shall not . . . permit by acquiescence, nor suffer by a failure to hinder." *Curtis & Gartside Co. v. Pigg*, 134 P.

1125, 1126 (Okla. 1913) (emphasis in original) (interpreting earlier child labor laws and finding employer liable although he had not spoken to or given instructions to child laborer directly).

By defining "employ" to include "to suffer or permit to work," Congress drew from child labor laws  that held businesses using middlemen that illegally hired and supervised children liable for  violations of these statutes, even where traditional agency control factors were not present. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, n.7 (1947);  *Bruce Goldstein, Marc Linder,  Laurence E. Norton II & Catherine Ruckelshaus, Enforcing Fair Labor Standards in the Modern American Sweatshop: Rediscovering the Statutory Definition of Employment*, 46 UCLA L. Rev. 983 (April 1999) (discussing this history, and noting that under these child labor statutes, "if a person was in a position to prevent the employment of the child on his business premises, in his business, or in the performance of the specific task that was prohibited, he was held accountable for having permitted or suffered any work performed").  Thus, under the language of the FLSA, as in *Barfield*, not acting on available information leads to liability if one had the power to stop work and did not do so. *See Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC), 2011 WL 4571792, at *2 (S.D.N.Y. Sept. 23, 2011).

As the Second Circuit has stated: "[T]he broad language of the FLSA, as interpreted by the Supreme Court in Rutherford, demands that a district court look beyond an entity's formal right to control the physical performance of another's work before declaring that the entity is not an employer under the FLSA."  *Zheng*, 355 F.3d at 69.  An individual need not possess "formal control" over a worker to qualify as an employer; the entity may simply exercise "functional control" over the worker in question. Id. at 72.  Employer "status does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees.  Control may be restricted, or exercised only occasionally, without removing

the employment relationship from the protections of the FLSA, since such limitations on control do not diminish the significance of its existence." *Herman v. RSR Sec. Serv. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citation, internal quotation marks omitted).   Indeed, "in certain circumstances, an entity can be a joint employer under the FLSA even when it does not hire and fire its joint employees, directly dictate their hours, or pay them." *Zheng*, 355 F.3d at 70.

The Second Circuit has stated of the economic reality test "by looking beyond a defendant's formal control over the physical performance of a plaintiff's work, the 'economic reality' test—which has been distilled into a nonexclusive and overlapping set of factors gives content to the broad 'suffer or permit' language in the statute." *Id.* at 75-76. The Second Circuit's *Barfield* decision reiterated the necessity for flexibility in determining whether an entity is a joint employer for purposes of the FLSA. *See Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008).  In *Barfield*, the Court noted that its precedents "state no rigid rule for the identification of an FLSA employer."  See *Id.*  The *Barfield* Court clarified that *Zheng* advised courts to consider not only the six enumerated factors, but also "any other factors" that a court "deems relevant to its assessment of economic realities" of a given situation.  Id. at 138 (quoting *Zheng*, 355 F.3d at 71-72). *See also Copantitla v. Fiskardo Estiatorio, Inc.*,09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, at *5 (S.D.N.Y. Apr. 5, 2010) ("'[t]he Second Circuit has declined to circumscribe [a court's] analysis  to a precise set of factors'" (citation omitted); "goal of economic-realities test 'is to determine whether the employees in question are economically dependent upon the putative employer.'" (citation omitted)).

Here, as reviewed in Point I, the Complaint contains multiple specific factual allegations of the Franchisor Defendants' power over Plaintiffs' work conditions, powers that, in total, support a finding that Defendants were joint employers of Plaintiffs under the broad definition of

"employ" in this Circuit. Although Franchisor Defendants argue that Plaintiffs have merely restated the Circuit's economic reality test, this is plainly false. Plaintiffs make numerous concrete allegations concerning Defendants' power to affect the employment of the Plaintiffs', as well as their power to terminate Franchisee Defendants' franchise and end the unlawful wage schemes that Franchisor Defendants profited from. *See* First Am. Compl. ¶¶31, 47-57. To the extent Defendants' wish to argue that this control did not exist, that is an issue for discovery, not for a 12(b)(6) motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask that the Court deny Franchisor Defendants'

motion to dismiss the First Amended Complaint.

Dated: New York, New York
       June 13, 2014

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ SHAWN CLARK
Shawn Clark
Michael Faillace
Joshua Androphy
Lina Franco
MICHAEL FAILLACE & ASSOCIATE, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*