UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
EDUARDO OLVERA, DELFINO OLVERA,
FERNANDO PERALTA AND MODESTO PERALTA,
*individually and on behalf of others similarly situated,*

                            *Plaintiffs,*

                                              No. 14-cv-1372(PAE)

       - against -

BAREBURGER GROUP LLC, BAREBURGER INC.,
EAST 87 BURGERS LLC, (d/b/a 1681 FIRST
AVENUE BAREBURGER), EAST SIDE BURGERS
LLC (d/b/a 1370 FIRST AVENUE BAREBURGER),
BAREBURGER EAST SIDE LLC,
(d/b/a BAREBURGER), EURIPIDES PELEKANOS,
GEORGIOS RODAS, JOSEPH BUSUTTIL,
PANTELIS TZANIDAKIS, PETROS TZANIDAKIS,
GEORGIOS TZANIDAKIS, AND JOHN KAPSALIS,

                            *Defendants.*
----------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS BAREBURGER GROUP LLC, BAREBURGER, INC, EURIPIDES PELEKANOS AND GEORGIOS RODAS' MOTION TO DISMISS**

                                       **Acquista & Associates, P.C.**
                                         Salvatore J. Acquista, Esq.
                                         *Attorneys for Defendants Bareburger Group, LLC*
                                         *Bareburger, Inc., Euripides Pelekanos*
                                         *and Georgios Rodas*
                                         32-75 Steinway St. Suite 211
                                         Astoria, NY 11103
                                         Tel: 718.274.1010
                                         Fax: 718.274.1077
                                         E-Mail: sacquista@acquistalaw.com


## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………………………………………………..ii

PRELIMINARY STATEMENT ………………………………………………………………1

ARGUMENT …………………………………………………………………………………..1

THE FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT DO NOT MAKE IT PLAUSIBLE THAT FRANCHISOR DEFENDANTS ARE EMPLOYERS ……………………1

CONCLUSION………………………………………………………………………………….4

## **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)  ………………………………………..2

*Bell Atl. Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)  ……………………………..1, 2

**Statutes**

Fed R. Civ. P. 12(b)(6)  ………………………………………………………………………..1, 4

**PRELIMINARY STATEMENT**

Defendants Bareburger, Inc., Bareburger Group, LLC, Euripides Pelekanos and Georgios Rodas (collectively, the "Franchisor Defendants") respectfully submit this Reply Memorandum of Law in support of their motion to dismiss the first amended complaint (the "Amended Complaint") as to the Franchisor Defendants.

In light of the lack of factual allegations in the original Complaint, Plaintiffs were granted the opportunity to amend the Complaint, which they in fact did amend on May 13, 2014. However, no additional substantial factual allegations were proffered, and the Amended Complaint remains devoid of facts sufficient to make plausible a claim for relief as against Franchisor Defendants. In their opposition to the motion to dismiss filed by Franchisor Defendants, the Plaintiffs had the opportunity isolate and direct the Court to allegations that would be the basis for a plausible claim for relief. Once again Plaintiffs fail, as the allegations itemized by Plaintiffs in their opposition are no more than boiler plate regurgitations of legal theories and standards void of any specific facts regarding the Franchisor Defendants. Therefore, the Amended Complaint lacks sufficient factual allegations to make a plausible claim for relief in regard to the Franchisor Defendants and any claims against the Franchisor Defendants must be dismissed as a matter of law.

**ARGUMENT**

**THE FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT DO NOT MAKE IT PLAUSIBLE THAT FRANCHISOR DEFENDANTS ARE EMPLOYERS**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiffs must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). Plaintiffs attempt to mislead this Court by stating

that the Court must accept all of the allegations in the Amended Complaint without deference to whether Plaintiffs will ultimately prevail. However, the issue before the Court is neither whether to believe the factual allegations in Plaintiff's claim, nor whether or not Plaintiff will ultimately prevail, but whether or not there are enough facts presented in Plaintiffs allegations to make plausible a claim for relief. A plain reading of the Amended Complaint shows that Plaintiffs clearly did not meet this burden.

As already stated in the Franchisor Defendants' Memorandum of Law in Support, the Amended Complaint does not state any factual events that state a claim upon which relief may be plausible. The so-called factual allegations are mere assertions of legal conclusions, opinions, and deductions. "Labels and conclusions," "legal conclusions," "formulaic recitations," and "naked assertions," are insufficient and do not pass the pleading threshold set by *Twombly* and *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009); *Twombly*, 550 U.S at 555, 557.

Plaintiffs state in their opposition that the Amended Complaint "lists at least 11 separate factual allegations spelling out the involvement of the Franchisor Defendants as employers." Plaintiffs then cite Paragraphs 31, and 47 through 57 of the Amended Complaint as examples of these supposed factual allegations. However, upon even a cursory review of these allegations, and as more fully explicated in the Franchisor Defendants' Memorandum of Law in Support, it is clear that these statements could hardly be described as anything other than conclusory allegations, entirely devoid of factual substance.

As stated in the Franchisor Defendants' Memorandum of Law in Support, Paragraph 31 of the Amended Complaint is a mere recital of the "economic realities test," and contains not a shred of articulable factual evidence that would serve to implicate the Franchisor Defendants.

Moreover, Paragraphs 47 through 57 of the Amended Complaint do not even pretend to contain any factual allegations, as each and every statement made therein is "upon information and belief."

Plaintiffs' confident stance that Franchisor Defendants had sufficient operational control to detect and stop the practices complained of in the action is, interestingly, completely unsupported by anything alleged in the Amended Complaint. That Plaintiffs cite Paragraph 57 of the Amended Complaint in support of this proposition is also interesting in that there is nothing in Paragraph 57 that could be described as factual. Instead, Plaintiff offers unsupported hypotheses regarding what may or may not have been agreed to between the Franchisor Defendants and the Franchisee Defendants. Merely stating what the Franchisor Defendants did or did not have the power to do, without any supporting facts, is the essence of a legal conclusion, and cannot, even under the most generous analysis, survive a motion to dismiss.

Plaintiffs further wrongfully argue that Franchisor Defendants were: (i) involved in operation of the Franchisee Defendant stores, and (ii) had operational control over various activities of the Franchisee Defendant stores. Plaintiffs intend to impress upon the Court that the details leading to these conclusions came upon review of Franchisor Defendants' website. However, Plaintiffs do not provide the Court with any other details, events, or facts to support its conclusory allegations and characterizations of the law.

Despite Plaintiffs' desperate assertions to the contrary, the Amended Complaint simply does not contain the specific factual allegations necessary to survive a motion to dismiss. Furthermore, where the Amended Complaint does purport to contain such factual allegations, these allegations are made "upon information and belief", which in themselves are not sufficient to withstand dismissal as a matter of law.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Franchisor Defendants motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss all claims against the Franchisor Defendants.

**Acquista & Associates, PC**

By: s/ Salvatore J. Acquista
Salvatore J. Acquista (SA-1331)
32-75 Steinway St. Suite 211
Astoria, New York 11103
Tel: 718.274.1010
Fax: 718.274.1077
Email: sacquista@acquistalaw.com
*Attorneys for Bareburger Group LLC,*
*Bareburger Inc., Euripides Pelkanos*
*and Georgios Rodas*

**CERTIFICATE OF SERVICE**

I, Salvatore J. Acquista, hereby certify that on June 23, 2014, a true and correct copy of foregoing REPLY MEMORANDUM OF LAW was served electronically via the Court's ECF System upon the below attorneys and that it is available for viewing and downloading from the ECF System.


Steven D. Hans & Associates, P.C.
*Attorneys for East 87 Burgers LLC, East Side Burgers LLC*
*Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis,*
*Georgios Tzanidakis and John Kapsalis*
41-18 Court Square, Suite 403
Long Island City, New York 11101
Attn:  Stephen D. Hans, Esq.

Michael Faillance& Associates, P.C.
*Attorney for Plaintiffs*
60 East 42nd Street, Suite 2020
New York, New York 10165
Attn: Michael Faillance, Esq.


              s/ Salvatore J. Acquista
              Salvatore J. Acquista (SA-1331)
              32-75 Steinway St., Suite 211
              Astoria, New York 11103
              Tel: 718.274.1010
              Fax: 718.274.1077
              Email: sacquista@acquistalaw.com