UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                      :

EDUARDO OLVERA; DELFINO OLVERA;        :
FERNANDO PERALTA; and MODESTO PERALTA,  :
*individually and on behalf of others similarly situated,*  :

                                        :           14 Civ. 1372 (PAE)

                         Plaintiffs,     :

                                        :          <u>OPINION & ORDER</u>

                -v-                      :

                                        :

BAREBURGER GROUP LLC; BAREBURGER INC.;  :
EAST 87 BURGERS LLC, *d/b/a* 1681 FIRST AVENUE  :
BAREBURGER; EAST SIDE BURGERS LLC, *d/b/a*  :
1370 FIRST AVENUE BAREBURGER;            :
BAREBURGER EAST SIDE LLC, *d/b/a*         :
BAREBURGER; EURIPIDES PELEKANOS;       :
GEORGIOS RODAS; JOSEPH BUSUTTIL; PANTELIS :
TZANIDAKIS; PETROS TZANIDAKIS; GEORGIOS  :
TZANIDAKIS; and JOHN KAPSALIS,        :

                                        :

                         Defendants.   :

                                        :

------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Plaintiffs Eduardo Olvera, Delfino Olvera, Fernando Peralta, and Modesto Peralta, on

behalf of themselves and others similarly situated (collectively, "plaintiffs"), bring this action

against two sets of defendants:  (1) the entities and individuals who operated the franchise

restaurants that directly employed plaintiffs—East 87 Burgers LLC, East Side Burgers LLC,

Bareburger East Side LLC, Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis, Georgios

Tzanidakis, and John Kapsalis (collectively, "franchisee defendants"); and (2) the entities and

individuals who owned the franchise trademarks to those restaurants—Bareburger Group LLC,

Bareburger Inc., Euripides Pelekanos, and Georgios Rodas (collectively, "franchisor

defendants").  Plaintiffs allege that these defendants violated the Fair Labor Standards Act

("FLSA") and New York Labor Law ("NYLL") by, *inter alia*, failing to pay minimum wage, overtime, and spread-of-hours compensation.

On May 27, 2014, the franchisee defendants submitted an answer to the First Amended Complaint.  Dkt. 24 ("FAC").  On May 27, 2014, the franchisor defendants moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the First Amended Complaint as to them, asserting that the it had failed to plausibly plead that the franchisor defendants were "joint employers" for purposes of the FLSA or NYLL.  For the reasons that follow, the motion is denied.

## I.     Background

### A.     Facts[1]

The franchisee defendants own, operate, and control several "organic fast food restaurants," operating under the trade name "Bareburger."  FAC ¶ 1.  The two restaurants relevant here are located at 1681 First Avenue, New York, NY 10028 ("87th Street Location") and 1370 First Avenue, New York, NY 10021 ("73rd Street Location").  *Id.*  The franchisee defendants operate these restaurants pursuant to contracts with two corporate entities, Bareburger Group LLC and Bareburger Inc., which, together with defendants Pelekanos and Rodas, have been designated in the FAC as the franchisor defendants.  *Id.* ¶¶ 2–3.  The franchisor defendants "grant franchises to operate Bareburger stores in New York and grant sublicenses to franchisees to use the Bareburger trademarks."  *Id.* ¶ 29.

Plaintiffs were employed, between 2012 and 2014, as "porters, dishwashers, food preparers, and cooks" at the 73rd Street and 87th Street locations.  *Id.* ¶ 5.  Specifically, between

---

[1] These facts are drawn from the FAC.  Dkt. 20.  For the purpose of resolving the motion to dismiss, the Court assumes all well-pled facts to be true, drawing all reasonable inferences in favor of the plaintiff.  *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

February 2012 and January 2014, plaintiff Olvera worked at the 73rd Street Location, *id.* ¶ 17;

between May 2013 and January 28, 2014, plaintiff Delfino worked at the 87th Street Location,

*id.* ¶ 19; between September 2013 and February 2014, plaintiff Peralta worked at the 87th Street

Location, *id.* ¶ 21; and between August 2013 and February 2014, plaintiff Modesto worked at the

87th Street Location, *id.* ¶ 23.  Plaintiffs allege that defendants failed to pay minimum wage,

overtime, or spread-of-hours compensation, and that they failed to maintain accurate records of

hours worked.  *Id.* ¶¶ 6–9.

### B.      Procedural History

On February 28, 2014, plaintiffs filed their original Complaint.  Dkt. 2.  On March 20,

2014, the franchisee defendants filed their Answer.  Dkt. 4.  On April 21, 2014, the franchisor

defendants submitted a motion to dismiss the Complaint as to them, Dkt. 13, and a supporting

memorandum of law, Dkt. 14.  On May 13, 2014, plaintiffs filed the FAC.  Dkt. 20.  On May 27,

2014, the franchisee defendants filed their Amended Answer.  Dkt. 24.  On May 27, 2014, the

franchisor defendants submitted a motion to dismiss the FAC as to them, Dkt. 21, with an

accompanying memorandum of law, Dkt. 23 ("Def. Br.").  On June 13, 2014, plaintiffs

submitted a memorandum of law in opposition to the motion to dismiss.  Dkt. 25 ("Pl. Br.").  On

June 23, 2014, the franchisor defendants filed their reply brief.  Dkt. 26 ("Def. Rep. Br.").

## II.    Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a Complaint must allege facts that,

accepted as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

A complaint is not required to provide "detailed factual allegations," but it must assert "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S at 555.  The facts pled "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citations omitted).  The Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

## III.    Discussion

Because the relevant sections of the FLSA and NYLL apply only to employers, the FAC can state a claim only against parties whom those statutes define as "employers."  Accordingly, the franchisor defendants' motion to dismiss turns on a single question:  Does the FAC plead facts sufficient to allege a plausible claim that the franchisor defendants were the plaintiffs' "employers" under the FLSA and NYLL?  If so, the motion to dismiss must be denied.  If not, it must be granted.

### A.    Legal Definition of "Employer"

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The Supreme Court has emphasized that this is an expansive definition with "striking breadth." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).  An individual may simultaneously have multiple

"employers" for the purposes of the FLSA, in which case, "all joint employers are responsible, both individually and jointly, for compliance with all the applicable provisions of the [FLSA]." 29 C.F.R. § 791.2(a).

"[W]hether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'" *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)). The determination of whether defendants are plaintiffs' joint employers is to be based on "the circumstances of the whole activity," *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947), viewed in light of "economic reality," *Goldberg,* 366 U.S. at 33; *see also Barfield*, 537 F.3d at 141–42 (employment is "to be determined on a case-by-case basis by review of the totality of the circumstances"). "Above and beyond the plain language, moreover, the remedial nature of the statute further warrants an expansive interpretation of its provisions so that they will have 'the widest possible impact in the national economy.'" *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).

"When it comes to 'employer' status under the FLSA, control is key." *Lopez v. Acme Am. Envtl. Co., Inc.*, No. 12 Civ. 511 (WHP), 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012); *see also Herman*, 172 F.3d at 135 ("[C]ontrol of employees is central to deciding whether appellant should be deemed an employer."). In assessing economic reality, the Second Circuit has articulated two tests for determining whether an employment relationship existed for the purposes of the FLSA, one relating to formal control, the other to functional control.

The formal control test asks "'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of

employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Carter*, 735 F.2d at 12 (quoting *Bonnette v. Calif. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

> Formal control does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees. Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control do not diminish the significance of its existence.

*Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 939 (S.D.N.Y. 2013) (citing *Herman*, 172 F.3d at 139) (internal quotation marks omitted).

As to the functional control test, the Second Circuit has identified a number of factors pertinent to determining whether a person or entity, even if lacking formal control, exercised "functional control" over an employee. In *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71–72 (2d Cir. 2003), involving an employer and its subcontractors, the court identified the following as pertinent, although not exclusive, factors:

> (1) whether [the alleged employers'] premises and equipment were used for the plaintiffs' work; (2) whether the [subcontractors] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the alleged employers'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the alleged employers] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the alleged employers].

*Id.*; *accord Barfield v. N.Y.C. Health & Hosp. Corp.*, 432 F. Supp. 2d 390, 392–93 (S.D.N.Y. 2006), *aff'd*, 537 F.3d 132 (2d Cir. 2008).

The statutory standard for employer status under NYLL is nearly identical to that of the FLSA. *Compare* 29 U.S.C.A. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."), *with* NYLL § 190(3) ("'Employer' includes any person, corporation, limited liability company, or association

employing any individual in any occupation, industry, trade, business or service.").  Courts in this District have regularly applied the same tests to determine, under the FLSA and NYLL, whether entities were joint employers.  *See Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 335 n.13 (S.D.N.Y. 2010); *see also Glatt v. Fox Searchlight Pictures Inc.*, 11 CIV. 6784 (WHP), 2013 WL 2495140, at *6 (S.D.N.Y. June 11, 2013) (collecting cases).  "To be sure, the New York Court of Appeals has not yet resolved whether NYLL's standard for employer status is coextensive with the FLSA's, but there is no case law to the contrary."  *Hart*, 967 F. Supp. 2d at 940 (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 117 (2d Cir. 2013)).  The Court will therefore follow the weight of authority among district courts in this Circuit and apply the economic reality analysis to both statutes.

> **B.** **Analysis**

The FAC alleges that:  "At all relevant times, and as a matter of economic reality, Franchisor Defendants were employers of Plaintiffs within the meaning of the FLSA and NYLL, and Franchisor Defendants employed and/or jointly employed Plaintiffs and similarly situated employees within the meaning of the FLSA and NYLL."  FAC ¶ 30.  The franchisor defendants note that this statement is conclusory, *see* Def. Br. at 4; they argue that plaintiffs have failed to plead supporting facts that would enable the Court to plausibly infer that the franchisor defendants were "employers" under the FLSA or NYLL, *see id.* at 8–10.

Defendants are wrong.  The FAC alleges sufficient facts to support the inference that the franchisor defendants exercised control over plaintiffs' employment at the two franchise restaurants in question.

As noted, control is the key factor in determining, under the economic reality analysis, whether an entity or person qualifies as an "employer."  *See Lopez*, 2012 WL 6062501, at *3;

*Herman*, 172 F.3d at 135.  Under the test for "formal" control, the factfinder weighs four factors to determine the franchisor defendants' employer status:  whether they "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Carter*, 735 F.2d at 12.  Under the test for "functional" control, the Second Circuit has identified several other pertinent factors:  (1) whether the alleged employer's premises and equipment were used for plaintiffs' work; (2) the extent to which plaintiffs performed a discrete line-job that was integral to the alleged employer's process of production; (3) the degree to which the alleged employers or their agents supervised plaintiffs' work; and (4) whether plaintiffs worked exclusively or predominantly for the alleged employers.  *See Zheng*, 355 F.3d at 71–72.  These factors are not exhaustive—others, particular to the case, may be relevant.  *Id.* (the determination of whether a defendant was plaintiffs' joint employer "is to be based on the circumstances of the whole activity, viewed in light of economic reality"; the court is "free to consider any other factors it deems relevant to its assessment of the economic realities") (citations omitted).

Here, the FAC has pled facts that would satisfy either test.  The FAC asserts, *inter alia*, that the franchisor defendants:  (1) guided franchisees on "how to hire and train employees"; (2) set and enforced requirements for the operation of franchises; (3) monitored employee performance; (4) specified the methods and procedures used by those employees to prepare customer orders; (5) exercised control, directly or indirectly, over the work of employees; (6) required franchises to "employ recordkeeping" of operations, including "systems for tracking hours and wages and for retaining payroll records"; and (7) exercised control over their franchises' timekeeping and payroll practices.  FAC ¶¶ 47–57.  The FAC also alleges that the

franchisor defendants had the right to inspect the facilities and operations of franchises, to audit any franchise's financial records, and to terminate the franchise agreement and the operations of any restaurant that violated the FLSA or NYLL. *Id.* ¶¶ 53–54, 57. Finally, as to the individual franchisor defendants—Pelekanos and Rodas—the FAC alleges that they "determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees." *Id.* ¶¶ 27–28.

Taking these pled facts as true, as the Court must at this stage, they state a plausible claim that the franchisor defendants were plaintiffs' joint employers under the FLSA and NYLL.

The cases on which the franchisor defendants rely are not to the contrary. In these cases, franchisors were held not to be employers but, in all but one, this determination was made not on the pleadings, but at summary judgment. *See, e.g., Singh v. 7–Eleven, Inc.*, No. C–05–04534 (RMW), 2007 WL 715488, at *3–6 (N.D. Cal. March 8, 2007); *Reese v. Coastal Restoration & Cleaning Servs., Inc.*, No. 10 Civ. 36 (RHW), 2010 WL 5184841, at *5 (S.D. Miss. Dec. 15, 2010). These courts so ruled because the record evidence did not support a finding that the franchisor defendants exercised control over plaintiffs' employment. These cases may signal the challenge plaintiffs may face in establishing their claims *after* discovery but, at this stage, plaintiffs need only plead enough facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

The only case that defendants cite that was resolved on the pleadings is *Chen v. Domino's Pizza, Inc.*, No. 09–107 (JAP), 2009 WL 3379946 (D.N.J. Oct. 16, 2009). There, however, the Complaint was dismissed because "[p]laintiffs simply [made] the conclusory statement that Domino's is an employer within the meaning" of the FLSA and the New Jersey Labor Law; the

Complaint failed to "make any specific allegations against Domino's to support this contention." *Id.* at *4.  Instead, it was no more than "a formulaic recitation of the elements of the cause of action."  *Id.* at *5 (citation omitted).

By contrast, in *Orozco v. Plackis*, No. A11–CV–703, 2012 WL 2577522 (W.D. Tex. July 3, 2012), the Complaint against the franchisor defendant survived a motion to dismiss, because it alleged that the franchisor defendant "evaluate[d] personnel performance, direct[ed] firing and hiring decisions, determine[d] work assignments, and share[d] personnel with" the independently-owned franchise where plaintiffs worked.[2]  *Id.* at *8.  Plaintiffs also alleged that the franchisor defendant: (1) "made regular announced and unannounced visits [to the independently owned franchise store] . . . in which he monitored the work of all employees . . . and discussed in detail the performance of . . . employees"; (2) "regularly discussed [customers' comments and complaints] with the individual owners and managers, giving instructions for improvement"; (3)  "possessed and exercised the authority to select and hire managers"; and (4) "selected and set up timekeeping systems used at each [franchise store] and trained each individual store owner or manager to use them."  *Id.* at *2–*3.  Plaintiffs also alleged that "[e]mployees who were trained at one of the locations owned by [the franchisor defendant]

---

[2] *Orozco* later proceeded to a trial, where plaintiff prevailed.  The jury found that the franchisor defendant: (1) was a joint employer, and (2) wilfully violated the FLSA.  The franchisor defendant then moved for judgment as a matter of law; that motion was denied.  *See Orozco v. Plackis*, 952 F. Supp. 2d 819 (W.D. Tex. 2013).  On appeal, the Fifth Circuit reversed, holding that the evidence was insufficient "for a reasonable jury to find that [the franchisor defendant] was [plaintiff's] employer under the FLSA."  *Orozco v. Plackis*, No. 13-50632, 2014 WL 3037943, at *2 (5th Cir. July 3, 2014).  But, the court stated:

> We do not suggest that franchisors can never qualify as the FLSA employer for a franchisee's employees; rather, we hold that [plaintiff] failed to produce legally sufficient evidence to satisfy the economic reality test and thus failed to prove that [the franchisor defendant] was his employer under the FLSA.

*Id.* at *5.

needed little or no additional training to work at another location and were paid the same rate," and that "[m]ultiple [franchise stores] from time to time shared the service of the same employee." *Id.*; *see also Cano v. DPNY, Inc.*, 287 F.R.D. 251, 260 (S.D.N.Y. 2012) (holding that plaintiffs alleged sufficient facts to permit amendment of their complaint to include the franchisor defendants as joint employers under the FLSA and NYLL).

This case is far closer to *Orozco* and *Cano* than to *Chen*. Unlike *Chen*, plaintiffs here have not merely stated, in a conclusory fashion, that the franchisor defendants were joint employers. Rather, plaintiffs have alleged several facts that, if true, would satisfy the "economic reality" test for establishing employer status. Although plaintiffs may ultimately fail to prove that the franchisor defendants were joint employers under the FLSA and NYLL, they have pled enough facts to survive a motion to dismiss, and are thus entitled to test their claims in discovery.

## CONCLUSION

For the foregoing reasons, the franchisor defendants' motion to dismiss is denied. The Clerk of Court is directed to terminate the motions pending at docket numbers 13 and 21. In a separate Order, the Court will set a date and time for the parties to appear for an initial pretrial conference.

SO ORDERED.

Paul A. Engelmayer
_____
Paul A. Engelmayer
United States District Judge

Dated: July 10, 2014
       New York, New York