UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDUARDO OLVERA, DELFINO OLVERA,
FERNANDO PERALTA, AND MODESTO PERALTA,
*individually and on behalf of others similarly situated*,

                     Plaintiffs,                    No. 14-cv-1372 (PAE)

      -against-                       **ANSWER WITH CROSS
CLAIMS**

BAREBURGER GROUP LLC, BAREBURGER INC.,
EAST 87 BURGERS LLC, (d/b/a 1681 FIRST AVENUE
BAREBURGER), EAST SIDE BURGERS LLC (d/b/a
1370 FIRST AVENUE BAREBURGER), BAREBURGER
EAST SIDE LLC (d/b/a BAREBURGER), EURIPIDES
PELEKANOS, GEORGIOS RODAS, JOSEPH BUSUTTIL,
PANTELIS TZANIDAKIS, PETROS TZANIDAKIS,
GEORGIOS TZANIDAKIS, JOHN KAPSALIS,

                    Defendants.
-------------------------------------------------------------------X

Defendants, Bareburger, Inc., Bareburger Group, LLC, Euripides Pelekanos and Georgios Rodas, by their attorneys, Acquista & Associates, PC, as and for their Answer to the First Amended Complaint, herein, respectfully allege as follows:

## ANSWER TO COMPLAINT

Each of the Paragraphs below corresponds to the same-numbered Paragraphs in the Complaint. Bareburger, Inc., Bareburger Group, LLC, Euripides Pelekanos and Georgios Rodas, deny all of the allegations in the Complaint, whether expressed or implied that are not specifically admitted below Bareburger, Inc., Bareburger Group, LLC, Euripides Pelekanos and Georgios Rodas respond to the allegations as follows:

## NATURE OF THIS ACTION[1]

    1.     Deny knowledge or information sufficient to form a belief as to the truth of the

---

[1] Bareburger, Inc., Bareburger Group, LLC, Euripides Pelekanos and Georgios Rodas repeat some of the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer.  By doing so, Bareburger, Inc., Bareburger Group, LLC, Euripides Pelekanos and Georgios Rodas,  makes no admissions regarding the substances of the heading or any other allegation in the Complaint unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Bareburger, Inc., Bareburger Group, LLC, Euripides Pelekanos and Georgios Rodas deny such allegations

allegations contained in Paragraph 1 of the First Amended Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint.

3.      Deny the truth of the allegations contained in Paragraph 3 of the First Amended Complaint, except that Defendants Euripides Pelekanos and Georgios Rodas serve or served as principals of Defendants Bareburger Group LLC and Bareburger Inc.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the First Amended Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the First Amended Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the First Amended Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the First Amended Complaint.

10.     Deny each and every allegation contained in Paragraph 10 of the First Amended Complaint.

11.     Deny each and every allegation contained in Paragraph 11 of the First Amended Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the First Amended Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Complaint.

## JURISDICTION AND VENUE

14.     Deny each and every allegation contained in Paragraph 14 of the First Amended Complaint.

15.     Deny each and every allegation contained in Paragraph 15 of the First Amended Complaint.

## THE PARTIES

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the First Amended Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the First Amended Complaint.

24.     Deny each and every allegation contained in Paragraph 24 of the First Amended Complaint.

25.     Deny each and every allegation contained in Paragraph 25 of the First Amended Complaint.

26.     Admit the allegations contained in Paragraph 26 of the First Amended Complaint.

27.     Deny each and every allegation contained in Paragraph 27 of the First Amended Complaint.

28.     Deny each and every allegation contained in Paragraph 28 of the First Amended Complaint.

29.     Deny the truth of the allegations contained in Paragraph 29 of the First Amended Complaint, except that Franchisor Defendants grant franchises to operate Bareburger stores in New York.

30.     Deny each and every allegation contained in Paragraph 30 of the First Amended Complaint.

31.     Deny each and every allegation contained in Paragraph 31 of the First Amended Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the First Amended Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the First Amended Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the First Amended Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the First Amended Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the First Amended Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the First Amended Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the First Amended Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the First Amended Complaint.

## FACTUAL ALLEGATIONS

40.     Deny each and every allegation contained in Paragraph 40 of the First Amended Complaint.

41.     Deny each and every allegation contained in Paragraph 41 of the First Amended Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the First Amended Complaint.

43.     Deny each and every allegation contained in Paragraph 43 of the First Amended Complaint.

44.     Deny each and every allegation contained in Paragraph 44 of the First Amended Complaint.

45.     Deny each and every allegation contained in Paragraph 45 of the First Amended Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the First Amended Complaint.

47.     Deny each and every allegation contained in Paragraph 47 of the First Amended Complaint.

48.     Deny each and every allegation contained in Paragraph 48 of the First Amended Complaint.

49.     Deny each and every allegation contained in Paragraph 49 of the First Amended Complaint.

50.     Deny each and every allegation contained in Paragraph 50 of the First Amended Complaint.

51.     Deny each and every allegation contained in Paragraph 51 of the First Amended Complaint.

52.     Deny each and every allegation contained in Paragraph 52 of the First Amended Complaint.

53.     Deny each and every allegation contained in Paragraph 53 of the First Amended Complaint.

54.     Deny each and every allegation contained in Paragraph 54 of the First Amended Complaint.

55.     Deny each and every allegation contained in Paragraph 55 of the First Amended Complaint.

56.     Deny each and every allegation contained in Paragraph 56 of the First Amended Complaint.

57.     Deny each and every allegation contained in Paragraph 57 of the First Amended Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the First Amended Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the First Amended Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the First Amended Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the First Amended Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the First Amended Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the First Amended Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the First Amended Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the First Amended Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the First Amended Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the First Amended Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the First Amended Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the First Amended Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the First Amended Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the First Amended Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the First Amended Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the First Amended Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the First Amended Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the First Amended Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the First Amended Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the First Amended Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the First Amended Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the First Amended Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the First Amended Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the First Amended Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the First Amended Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the First Amended Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the First Amended Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the First Amended Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the First Amended Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the First Amended Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the First Amended Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the First Amended Complaint.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the First Amended Complaint.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the First Amended Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the First Amended Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the First Amended Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the First Amended Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the First Amended Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the First Amended Complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the First Amended Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the First Amended Complaint.

99.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the First Amended Complaint.

100.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the First Amended Complaint.

101.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the First Amended Complaint.

102.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the First Amended Complaint.

103.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the First Amended Complaint.

104.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the First Amended Complaint.

105.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the First Amended Complaint.

106.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the First Amended Complaint.

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the First Amended Complaint.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the First Amended Complaint.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the First Amended Complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the First Amended Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the First Amended Complaint.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the First Amended Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the First Amended Complaint.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the First Amended Complaint.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the First Amended Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the First Amended Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the First Amended Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the First Amended Complaint.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the First Amended Complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the First Amended Complaint.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the First Amended Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the First Amended Complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the First Amended Complaint.

124.    Deny each and every allegation contained in Paragraph 124 of the First Amended Complaint.

125.    Deny each and every allegation contained in Paragraph 125 of the First Amended Complaint.

126.    Deny each and every allegation contained in Paragraph 126 of the First Amended Complaint.

127.    Deny each and every allegation contained in Paragraph 127 of the First Amended Complaint.

128.    Deny each and every allegation contained in Paragraph 128 of the First Amended Complaint.

129.    Deny each and every allegation contained in Paragraph 129 of the First Amended Complaint.

130.    Deny each and every allegation contained in Paragraph 130 of the First Amended Complaint.

131.    Deny each and every allegation contained in Paragraph 131 of the First Amended Complaint.

132.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the First Amended Complaint.

133.     Deny each and every allegation contained in Paragraph 133 of the First Amended Complaint.

134.     Deny each and every allegation contained in Paragraph 134 of the First Amended Complaint.

135.     Deny each and every allegation contained in Paragraph 135 of the First Amended Complaint.

136.     Deny each and every allegation contained in Paragraph 136 of the First Amended Complaint.

**FLSA COLLECTIVE ACTION CLAIMS**

137.     Deny each and every allegation contained in Paragraph 137 of the First Amended Complaint.

138.     Deny each and every allegation contained in Paragraph 138 of the First Amended Complaint.

139.     Deny each and every allegation contained in Paragraph 139 of the First Amended Complaint.

**FIRST CAUSE OF ACTION**

140.     Repeats its responses to Paragraphs 1 through 139 above in response to Paragraph 140 of the First Amended Complaint.

141.     Deny each and every allegation contained in Paragraph 141 of the First Amended Complaint.

142.    Deny each and every allegation contained in Paragraph 142 of the First Amended Complaint.

143.    Deny each and every allegation contained in Paragraph 143 of the First Amended Complaint.

144.    Deny each and every allegation contained in Paragraph 144 of the First Amended Complaint.

145.    Deny each and every allegation contained in Paragraph 145 of the First Amended Complaint.

146.    Deny each and every allegation contained in Paragraph 146 of the First Amended Complaint.

## SECOND CAUSE OF ACTION

147.    Repeats its responses to Paragraphs 1 through 146 above in response to Paragraph 147 of the First Amended Complaint.

148.    Deny each and every allegation contained in Paragraph 148 of the First Amended Complaint.

149.    Deny each and every allegation contained in Paragraph 149 of the First Amended Complaint.

150.    Deny each and every allegation contained in Paragraph 150 of the First Amended Complaint.

## THIRD CAUSE OF ACTION

151.    Repeats its responses to Paragraphs 1 through 150 above in response to Paragraph 151 of the First Amended Complaint.

152.     Deny each and every allegation contained in Paragraph 152 of the First Amended Complaint.

153.     Deny each and every allegation contained in Paragraph 153 of the First Amended Complaint.

154.     Deny each and every allegation contained in Paragraph 154 of the First Amended Complaint.

155.     Deny each and every allegation contained in Paragraph 155 of the First Amended Complaint.

## FOURTH CAUSE OF ACTION

156.     Repeats its responses to Paragraphs 1 through 155 above in response to Paragraph 156 of the First Amended Complaint.

157.     Deny each and every allegation contained in Paragraph 157 of the First Amended Complaint.

158.     Deny each and every allegation contained in Paragraph 158 of the First Amended Complaint.

159.     Deny each and every allegation contained in Paragraph 159 of the First Amended Complaint.

## FIFTH CAUSE OF ACTION

160.     Repeats its responses to Paragraphs 1 through 159 above in response to Paragraph 160 of the First Amended Complaint.

161.     Deny each and every allegation contained in Paragraph 161 of the First Amended Complaint.

162.    Deny each and every allegation contained in Paragraph 162 of the First Amended Complaint.

163.    Deny each and every allegation contained in Paragraph 163 of the First Amended Complaint.

## SIXTH CAUSE OF ACTION

164.    Repeats its responses to Paragraphs 1 through 163 above in response to Paragraph 164 of the First Amended Complaint.

165.    Deny each and every allegation contained in Paragraph 165 of the First Amended Complaint.

166.    Deny each and every allegation contained in Paragraph 166 of the First Amended Complaint.

## SEVENTH CAUSE OF ACTION

167.    Repeats its responses to Paragraphs 1 through 166 above in response to Paragraph 167 of the First Amended Complaint.

168.    Deny each and every allegation contained in Paragraph 168 of the First Amended Complaint.

169.    Deny each and every allegation contained in Paragraph 169 of the First Amended Complaint.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS EAST 87 BURGER LLC (D/B/A 1681 FIRST AVENUE BAREBURGER), EAST SIDE BURGERS LLC (D/B/A 1370 FIRST AVENUE BAREBURGER), BAREBURGER EAST SIDE LLC (D/B/A BAREBURGER), JOSEPH BUSUTTIL, PANTELIS TZANIDAKIS, PETROS TZANIDAKIS, GEORGIOS TZANIDAKIS AND JOHN KAPSALIS (HEREINAFTER "FRANCHISEE DEFENDANTS")

170.    If Plaintiffs sustained the injuries alleged in the First Amended Complaint, in the manner therein alleged, all of which are denied by these answering Defendants, then such

damages and injuries were caused by the acts of or other culpability of Franchisee Defendants in connection with the operation of the restaurants mentioned in the First Amended Complaint.

171.    On the basis of the foregoing, if any verdict of judgment is rendered in favor of any party against answering Defendants, by virtue of the allegations contained in the pleadings, then answering Defendants shall be damaged thereby and shall be entitled to common-law indemnification from Franchisee Defendants, for any verdict or judgment which may be rendered against them in this action and for any amounts expended on defending this action, including, but not limited to, reasonable attorney fees.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST FRANCHISEE DEFENDANTS

172.    The answering Defendants entered into a contract and/or agreement with Franchisee Defendants, said contracts and/or agreements being in effect at the time of the incident complained of, in which Franchisee Defendants, agreed to defend, indemnify and hold harmless answering Defendants for each and every act of omission or commission which formed the basis of any complaint against answering Defendants.

173. By reason of the foregoing, if Plaintiffs sustained the damages in the manner alleged in the First Amended Complaint, all of which are denied by answering Defendants, then answering Defendants are entitled to contractual indemnification from Franchisee Defendants for the full amount of any verdict or judgment rendered against them and for any amounts expended on defending this action, including, but not limited to, reasonable attorney fees.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

174.    Plaintiffs' First Amended Complaint fails to state a claim for which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

175.    Plaintiffs are estopped from making the claim set forth herein by virtue of and as a result of the Plaintiffs' own actions and inactions.

### AS AND FOR A THIRD AFFIRIMATIVE DEFENSE

176.    This action is time barred by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRIMATIVE DEFENSE

177.    This action is barred because the claims asserted by the Plaintiffs are barred by the doctrine of laches and/or waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

178.    This action is barred due to Plaintiffs' own illegal, fraudulent actions and unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

179.    The causes of action alleged in the First Amended Complaint may not be maintained as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216, because the Plaintiffs, upon information and belief, are not similarly situated to some or all of the persons whom they purport to represent.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

180.    The statements and allegations contained in the First Amended Complaint fail to meet the requirements necessary to justify collective action certification or the issuance of collective action notice pursuant to 29 U.S.C. § 216 with respect to some or all of the employees alleged by the Plaintiffs to be similarly situated to them.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

181.    This action is barred because Defendants are not "employers" within the meaning of the Fair Labor Standards Act and the New York Labor Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

182.   This action is barred because the claims asserted by the Plaintiffs are barred by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

183.   Plaintiffs claims are barred because the named Plaintiffs would inadequately protect and represent the interests of any potential class.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

184.   To the extent that any of the Plaintiffs and/or putative class members may have received compensation beyond that to which they were entitled under law, such additional compensation may satisfy, in whole or in part, any alleged claim for unpaid wages and overtime compensation or other monetary relief.


**WHEREFORE**, Defendants, Bareburger, Inc., Bareburger Group, LLC, Euripides Pelekanos and Georgios Rodas, demand judgment dismissing the First Amended Complaint of the Plaintiff's herein, together with judgment on their cross claims and the costs and disbursements of this action.

Dated: Queens, New York
　　　　July 24, 2014

Acquista & Associates, P.C.

/s/　Salvatore J. Acquista_____
By: Salvatore J. Acquista, Esq. (SA-1331)
32-75 Steinway St., Suite 211
Astoria, NY 11103
Telephone: (718) 274-1010
Facsimile: (718) 274-1077
*Attorneys for Defendants*
*Bareburger, Inc., Bareburger Group,*
*LLC, Euripides Pelekanos and*
*Georgios Rodas*

<u>**CERTIFICATE OF SERVICE**</u>

I, Salvatore J. Acquista, hereby certify that on July 24, 2014, a true and correct copy of foregoing

ANSWER AND CROSS CLAIMS was served electronically via the Court's ECF System upon

the below attorneys and that it is available for viewing and downloading from the ECF System.


Steven D. Hans & Associates, P.C.
*Attorneys for East 87 Burgers LLC, East Side Burgers LLC*
*Joseph Busuttil, Pantelis Tzanidakis, Petros Tzanidakis,*
*Georgios Tzanidakis and John Kapsalis*
41-18 Court Square, Suite 403
Long Island City, New York 11101
Attn:  Stephen D. Hans, Esq.

Michael Faillance & Associates, P.C.
*Attorney for Plaintiffs*
60 East 42nd Street, Suite 2020
New York, New York 10165
Attn: Michael Faillance, Esq.


<u>s/ Salvatore J. Acquista</u>
Salvatore J. Acquista (SA-1331)
32-75 Steinway St., Suite 211
Astoria, New York 11103
Tel: 718.274.1010
Fax: 718.274.1077
Email: sacquista@acquistalaw.com